Charles C.H. Wu, SBN 166756
   cchwu@wclawyers.com
Vikram M. Reddy, SBN 228515
   vreddy@wclawyers.com
Elena N. Sandell, SBN 333153
   esandell@wclawyers.com
**WU & REDDY, A PROF. CORP.**
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111

Attorneys for plaintiff K.T.I. Hydraulics, Inc.
a.k.a. KTI Hydraulics Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.T.I. HYDRAULICS, INC., A.K.A. KTI HYDRAULICS INC., a California corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>GERARD M. PALMERSHEIM, A.K.A. JERRY PALMERSHEIM, an individual; MECHANICAL TOOL & ENGINEERING CO., an Illinois corporation, D.B.A. and A.K.A. MTE HYDRAULICS, D.B.A. and A.K.A. MTE HYDRAULICS INC.; GREGORY STAFFORD NORDLOF, A.K.A. GREG NORDLOF, an individual and president of MECHANICAL TOOL & ENGINEERING CO.; DAVID E. PETERSON, A.K.A. DAVID N. PETERSON, an individual; RICHARD THURMAN, A.K.A. RICH THURMAN, A.K.A. RICHARD J. THURMAN, A.K.A. RICH J. THURMAN, A.K.A. RICHARD N. THURMAN, A.K.A. RICH N. THURMAN, an individual; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**(1) MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836, *ET SEQ.*);**<br>**(2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(3) BREACH OF CONFIDENTIALITY AGREEMENT;**<br>**(4) BREACH OF FIDUCIARY DUTY;**<br>**(5) INFRINGEMENT OF U.S. PATENT NO. 10,760,599 B2;**<br>**(6) INFRINGEMENT OF U.S. PATENT NO. 11,149,765 B2;**<br>**(7) UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROF. CODE §§ 17200, *ET SEQ.* AND § 17500;**<br>**(8) DECLARATORY RELIEF (28 U.S.C. § 2201); AND**<br>**(9) ACCOUNTING** |

1

**COMPLAINT**

COMES NOW plaintiff K.T.I. HYDRAULICS, INC., A.K.A. KTI HYDRAULICS INC., a California corporation, by its undersigned attorneys (hereinafter, "Plaintiff" or "Plaintiff KTI"), hereby alleges against defendants GERARD M. PALMERSHEIM, A.K.A. JERRY PALMERSHEIM, an individual (hereinafter, "Defendant Palmersheim"); MECHANICAL TOOL & ENGINEERING CO., an Illinois corporation, D.B.A. and A.K.A. MTE HYDRAULICS, D.B.A. and A.K.A. MTE HYDRAULICS INC. (hereinafter, "Defendant MTE Hydraulics" or "Defendant MTE"); GREGORY STAFFORD NORDLOF, A.K.A. GREG NORDLOF, an individual and president of MECHANICAL TOOL & ENGINEERING CO.; (hereinafter, "Defendant Nordlof"); DAVID E. PETERSON, A.K.A. DAVID N. PETERSON, an individual (hereinafter, "Defendant Peterson"); RICHARD THURMAN, A.K.A. RICH THURMAN, A.K.A. RICHARD J. THURMAN, A.K.A. RICH J. THURMAN, A.K.A. RICHARD N. THURMAN, A.K.A. RICH N. THURMAN, an individual (hereinafter, "Defendant Thurman"); and DOES 1 through 10, inclusive, (collectively hereinafter, the "Defendants"), and each of them, as follows:

## THE PARTIES

1. Plaintiff KTI is a corporation organized and operating under the laws of the State of California, and within the County of Orange, State of California.

2. Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim, is an individual currently residing in the State of Wisconsin, and is currently employed by and serves as the Director of Business Development for Defendant MTE, and whom previously resided in the County of Orange, State of California, when he was an employee of Plaintiff KTI and began committing the bad acts alleged herein.

3. Plaintiff KTI is informed and believes, and thereon alleges, that Defendant MTE is a corporation organized and operating under the laws of the State of Illinois, and does business within this judicial district.

4. Plaintiff KTI is informed and believes, and thereon alleges, that Defendant

2

**COMPLAINT**

Nordlof, is an individual currently residing in the State of Illinois, and is employed by and serves as the President of Defendant MTE.

5. Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Peterson, is an individual currently residing in the State of Illinois, and is employed by and serves as the Director of Engineering for Defendant MTE.

6. Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Thurman is an individual currently residing in the State of Illinois, and is employed by and serves as the Director of Sales and Marketing for Defendant MTE.

7. Plaintiff KTI is headquartered in the County of Orange, State of California, and conducts business therein and throughout the United States.

8. Plaintiff KTI is ignorant of the true names and capacities of such defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff KTI will seek leave of this Court to amend this complaint (hereinafter, "Complaint") to allege such true names and capacities of said defendants as soon as they are ascertained.

9. Plaintiff KTI is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences as herein alleged. Plaintiff KTI's injuries and damages as herein alleged were proximately caused by said defendants' acts.

10. Plaintiff KTI is informed and believes, and thereon alleges, that at all times mentioned herein, all named Defendants and Defendants DOES 1 through 10, inclusive, and each of them, were the agents, affiliates, employees, officers, directors, managers, principals, representatives, servants, suppliers, vendors, customers, distributors, wholesalers, alter-egos and/or co-conspirators of each of the remaining Defendants, and in doing the things hereinafter alleged were acting within the course, scope, and purpose of said agency, affiliation, employment, representation, service, position, stream of commerce, alter-ego relationship and/or conspiracy and with the express and/or implied permission, consent and ratification of each of the remaining Defendants (hereinafter collectively

3

**COMPLAINT**

referenced herein as the "Defendants").

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the claims in this action under 18 U.S.C. § 1836(c), 35 U.S.C. §§ 271, 281, 283, 284, 285, and 28 U.S.C. § 2201.

12. This Court has supplemental jurisdiction over the claims in this action under 28 U.S.C. §§ 1331, 1338, and 1367.

13. Upon information and belief, the Court has personal jurisdiction over Defendants in that they are doing business within this judicial district, are committing ongoing acts of trade secret misappropriation, patent infringement and other wrongdoing in this judicial district, solicit and transact business within this judicial district, have committed intentional acts expressly aimed at the forum jurisdiction that have caused harm to Plaintiff KTI that the Defendants know are likely to be suffered in the forum jurisdiction, and/or are otherwise subject to the Court's personal jurisdiction.

14. Upon information and belief, venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) because the crux of the claims originate with Defendant Palmersheim while he was an employee and/or resident within this judicial district, Defendants do business in this judicial district and furthermore, the acts and transactions complained of by the Defendants were carried out, made effective and/or had effect within the State of California and within this judicial district.

## FACTUAL BACKGROUND

15. Plaintiff KTI is a California company incorporated in California in 1998.

16. Plaintiff KTI is one of the leaders in specially manufactured hydraulic systems and related components, such as power units and manifolds, throughout several industries, including without limitation those designed for the dump trailer industry, wherein such hydraulic equipment enables the operator to raise and lower the dump trailer bed affixed to a truck.

**COMPLAINT**

17. Plaintiff KTI's hydraulic systems and related components have enabled it to become the leading supplier of power units for the dump trailer industry in the United States.

18. Plaintiff KTI has expended substantial time, money and efforts in developing and promoting its intellectual property in connection with its hydraulic products, including without limitation seeking and obtaining patent protection from the United States Patent and Trademark Office ("USPTO"), and generating a substantial and loyal customer base whom rely on Plaintiff KTI for high quality and competitive cost hydraulic equipment in the dump trailer industry and other industries including agricultural and construction.

19. Whereas, Defendant MTE is a direct competitor to Plaintiff KTI, selling, manufacturing, marketing, and/or promoting competing hydraulic systems and related components, including for use in the dump trailer sector, and other sectors.

**PLAINTIFF KTI'S U.S. PATENT NO. 10,760,599 B2 (THE "'599 PATENT")**

20. Plaintiff KTI is the current owner of U.S. Patent No. 10,760,599 B2 (hereinafter, the "'599 Patent"), issued by the United States Patent and Trademark Office ("USPTO") on September 1, 2020, titled "POWER UNITS WITH MANUAL OVERRIDE CONTROLS FOR HYDRAULIC SYSTEMS." A true and correct copy of the '599 Patent is attached hereto and incorporated herein as **Exhibit "1."**

21. Plaintiff KTI is the current lawful owner of all rights, title, and interest in and to the '599 Patent.

**PLAINTIFF KTI'S U.S. PATENT NO. 11,149,765 B2 (THE "'765 PATENT")**

22. Plaintiff KTI is also the current owner of U.S. Patent No. 11,149,765 B2 (hereinafter, the "'765 Patent"), issued by the USPTO on October 19, 2021, titled "POWER UNITS WITH MANUAL OVERRIDE CONTROLS FOR HYDRAULIC SYSTEMS." A true and correct copy of the '765 Patent is attached hereto and incorporated herein as **Exhibit "2."**

23. Plaintiff KTI is the current lawful owner of all rights, title, and interest in and to the '765 Patent, which is a continuation of the '599 Patent.

24. Plaintiff KTI's '599 Patent and '765 Patent may collectively be referred to herein as the "KTI Patents."

25. Some of the advantages of hydraulic power units employing the technology set forth in Plaintiff KTI's '599 Patent and '765 Patent, specifically insofar as dump trailers, include, but are not limited to:

A. It allows the dump trailer operator to lower a dump bed with or without running the motor, *i.e.,* using gravity, (via a three-function controller or via manual override method), which saves battery life and reduces the time the motor is running;

B. It allows the dump trailer operator to lower a dump bed with or without running the motor, *i.e.,* using gravity, (via a controller or via manual override method), without flooding the reservoir tank in the hydraulic power unit, based on the power unit incorporating a double acting cylinder hydraulic circuit; and

C. The dump trailer operator can perform the three-function power up, power down, gravity down features using a three button controller, with a separate button designated on the controller to initiate each respective function.

26. Plaintiff KTI has expended substantial time, money and efforts in developing and promoting the innovations mentioned in the KTI Patents and products that embody the KTI Patents, *e.g.,* KTI's Hydraulic Circuit 115, which includes, but is not limited to marking, marketing, advertising, and promoting the KTI Patents innovations and products that embody the KTI Patents.

27. The KTI Patents represent business property, goodwill, and intangible assets owned by Plaintiff KTI.

\ \ \

6

**COMPLAINT**

## DEFENDANT PALMERSHEIM'S HIRING AND TENURE AT PLAINTIFF KTI FROM APPROXIMATELY SEPTEMBER, 2014 TO AUGUST, 2020

28.     Defendant Palmersheim was hired by Plaintiff KTI as Director of Sales, Marketing Engineering and commenced employment with Plaintiff KTI on or about September 1, 2014, at its headquarters in Santa Ana, California, County of Orange, and resided in the city of Irvine, County of Orange during his employment at KTI.   Defendant Palmersheim's primary emphasis in his job duties at KTI was focusing on the dump trailer business sector and to generate sales in such sector.

29.     Defendant Palmersheim remained in such position with Plaintiff KTI until his resignation, effective on or about August 21, 2020, which is also believed to be his last day physically at the premises of Plaintiff KTI's offices and warehouse in Santa Ana, California.

30.     On or about September 2, 2014, Defendant Palmersheim executed a KTI Employee Confidential Information Agreement ("Confidentiality Agreement") promising, among other things, not to use or divulge KTI confidential information at any time during or after his employment period, including information of a technical or business nature. A true and correct copy of the Confidentiality Agreement is attached hereto and incorporated herein as **Exhibit "3."**

31.     An excerpt from Section 3 of the Confidentiality Agreement states as follows:

> "Employee agrees that he will not, during **or at any time after the period of his employment with the Company**, use for himself or others or divulge or convey to others, except as required in performing his duties with the Company, any secret or confidential information, knowledge or data of the Company, or any secret or confidential information, knowledge or data of third parties obtained by Employee in the course of his employment with the Company. Such information, knowledge or data includes, but is not limited to, secret or confidential matters
>
> (a) of a technical nature, such as, but not limited to, designs, specifications, methods, know-how, formulae, compositions, manufacturing and quality

**COMPLAINT**

control processes, discoveries, machines, inventions, and research projects, and

(b) of a business nature, such as, but not limited to, information about costs, profits, markets, sales, lists of customers, and customers' purchasing habits or procedures and

(c) pertaining to future developments. Employee acknowledges and agrees that all such secret or confidential information is the sole and exclusive property of the Company." (Emphasis added).

32.   During his approximate six-year employment at Plaintiff KTI, as a trusted director level employee, Defendant Palmersheim had access to and possession of Plaintiff KTI's trade secrets and other confidential information, including without limitation, product designs and specifications, customer contact information lists, distributor contact information lists, specific customer pricing, and customer preferences for numerous KTI products, KTI supplier information, cost figures, proprietary information relating to KTI's Hydraulic Circuit 115 which embodies Plaintiff KTI's '599 Patent and '765 Patent, business plans, manufacturing know-how, business negotiations, market information, product information, quality standards, financial and cost information, pricing information, pricing sheets, sales and marketing strategies, scientific and technical information, information relating to existing and prospective customers and competitors, sales meeting strategies, intellectual property strategies, and other proprietary information of Plaintiff KTI (collectively, the "Confidential Information").

33.   Such Confidential Information is not publicly available and is maintained as confidential by Plaintiff KTI.

34.   During his approximate six-year employment at Plaintiff KTI, Defendant Palmersheim also had access to the over 3500 different KTI hydraulic product models, product variants, components, and specifications available, including the preferred and tailored product variants and specifications for each KTI customer and the associated customer pricing for numerous products, which also constitutes Confidential Information

**COMPLAINT**

belonging to Plaintiff KTI.

## DEFENDANT PALMERSHEIM'S BAD ACTS COMMITTED DURING AND AFTER HIS EMPLOYMENT AT PLAINTIFF KTI AND ONGOING DURING HIS CURRENT EMPLOYMENT AT DEFENDANT MTE

35. Plaintiff KTI is informed and believes, and thereon alleges, that prior to his last day of employment at KTI on or about August 21, 2020, or shortly thereafter, had already procured an offer of employment to join Defendant MTE (headquartered in Rockford, IL), a direct competitor of Plaintiff KTI.

36. Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim accepted such employment offer from Defendant MTE and began working at Defendant MTE as Director of Business Development immediately or shortly after his resignation from Plaintiff KTI, with his position and job duties focused on the same dump trailer business sector.

37. Plaintiff KTI is informed and believes, and thereon alleges, that a few weeks before his employment concluded at Plaintiff KTI, Defendant Palmersheim had applied for and obtained a mortgage home loan in connection with his purchase of a residential property in Wisconsin, a short distance from Defendant MTE's headquarters in Rockford, Illinois.

38. Plaintiff KTI is informed and believes, and thereon alleges, that a few weeks before his employment concluded at Plaintiff KTI, Defendant Palmersheim had printed and gathered various documents and information constituting KTI's Confidential Information, including without limitation price lists and parts lists, the pricing and specification information for the over 3500 different KTI hydraulic product models and variations available, including the preferred and tailored product variants and specifications for each KTI customer, intending to utilize such proprietary information to his advantage as part of his new employment and job duties with Defendant MTE.

39. Plaintiff KTI is informed and believes, and thereon alleges, that prior to and/or upon becoming an employee of Defendant MTE, Defendant Palmersheim and DOES 1

through 5, inclusive, solicited and continue to solicit Plaintiff KTI's customers in the dump trailer business sector and other sectors, including improperly using and misappropriating KTI's Confidential Information (such as specific customer product specifications and pricing) to offer lower pricing by Defendant MTE on a variety of hydraulic units and components in an attempt to divert Plaintiff KTI's dump trailer customers and business to Defendant MTE.

40.    Plaintiff KTI is informed and believes, and thereon alleges, that prior to and/or upon becoming an employee of Defendant MTE, Defendant Palmersheim and DOES 1 through 5, inclusive, solicited and continue to solicit Plaintiff KTI's suppliers of hydraulic products and components, including improperly using and misappropriating Plaintiff KTI's Confidential Information (such as specific supplier names and cost information) to gain a competitive cost advantage for Defendant MTE's competing hydraulic products and components.

41.    Plaintiff KTI is informed and believes, and thereon alleges, that the misappropriation of Plaintiff KTI's Confidential Information without remorse was part of a concerted effort by Defendant Palmersheim and DOES 1 through 5, inclusive, to interfere with Plaintiff KTI's customers, distributors and suppliers for Defendant Palmersheim's own personal benefit and gain as well as for the benefit and gain of Defendant MTE.

42.    Plaintiff KTI is informed and believes, and thereon alleges, that prior to and/or upon becoming an employee of Defendant MTE, Defendant Palmersheim and DOES 1 through 5, inclusive, spearheaded efforts to assist Defendant MTE in creating a three-function power up, power down, gravity down hydraulic power unit (currently sold as part of Defendant MTE's "VE" product line), with the knowledge, assistance and support of Defendant Nordlof, Defendant Peterson, and Defendant Thurman, to directly compete with Plaintiff KTI, knowing such efforts entailed divulging Plaintiff KTI's Confidential Information and infringing upon Plaintiff KTI's '599 Patent and '765 Patent, respectively.

43.    Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim and DOES 1 through 5, inclusive, conveyed know-how to Defendant MTE,

**COMPLAINT**

Defendant Nordlof, Defendant Peterson, and Defendant Thurman, as part of creating and manufacturing the infringing "VE" product line in order to make it operate with more ease and efficiency, and to make it look similar in appearance and design to Plaintiff KTI's Hydraulic product line, including without limitation using a three-button controller to operate the hydraulic power unit, replicating the placement of valves on the unit (such as the back pressure and check valves) to make it interchangeable with and directly compete with Plaintiff KTI's product line and specifications, incorporating a double acting cylinder hydraulic circuit compared to a single acting cylinder, and incorporating a custom built quarter inch bolt to more efficiently mount and remove the reservoir tank to the hydraulic power unit compared to the standard larger sized bolt.

44.     Plaintiff KTI is informed and believes, and thereon alleges, that as a direct result of Defendant Palmersheim's actions, he and Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, are now actively promoting and selling Defendant MTE's patent infringing "VE" product line, including without limitation on Defendant MTE's website (https://mtehydraulics.com), Defendant MTE's social media platforms, industry trade shows, and other platforms, which directly competes with Plaintiff KTI's product line, and infringes upon Plaintiff KTI's '599 Patent and '765 Patent.

**DEFENDANT MTE'S PRODUCTS INFRINGING PLAINTIFF KTI'S '599 PATENT AND '765 PATENT (THE "ACCUSED PRODUCTS")**

45.     Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, manufacture or have caused the manufacturing, use, sale, offer for sale, and/or import into California and throughout the United States of hydraulic power units that infringe upon Plaintiff KTI's rights in Plaintiff KTI's '599 Patent and '765 Patent, including but not limited to Defendant MTE's "VE" product line (collectively hereinafter, the "Accused Products"), all stemming from the

11
**COMPLAINT**

misappropriation of Plaintiff KTI's trade secrets and other Confidential Information by Defendant Palmersheim and DOES 1 through 5, inclusive.

46.     True and correct examples of the Accused Products and descriptions and images thereof, as obtained from the Defendant MTE website (https://mtehydraulics.com), are attached hereto and incorporated herein as **Exhibits "4-5**,**"** respectively, and said Accused Products incorporate and literally infringe one or more of the claims set forth in Plaintiff KTI's '599 Patent and/or '765 Patent.

47.     True and correct copies of specifications and drawings of one of the representative Accused Products, as obtained from the Defendant MTE website (https://mtehydraulics.com), are attached hereto and incorporated herein as **Exhibit "6**.**"**

48.     Representative images of Defendant MTE's Accused Products, as obtained from the Defendant MTE website (https://mtehydraulics.com), are also detailed in Figures 1-2 that follow:





| Figure 1 | Figure 2 |

49.     Defendant MTE is a direct competitor to Plaintiff KTI, and sells and/or manufactures many of the same products and accessories as Plaintiff KTI, including but not limited to the subject hydraulic power units/Accused Products compatible for operating

12

**COMPLAINT**

dump trailer beds and other equipment.

50. Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, are well aware of Plaintiff KTI due to Plaintiff KTI's stature and recognition in the industry, particularly in the dump trailer sector, and routinely come across Plaintiff KTI's products and promotions including without limitation, at the annual industry trade shows.

51. Plaintiff KTI is informed and believes, and thereon alleges, that the Accused Products of Defendant MTE incorporating the KTI Patents are not made to the same standards as those of Plaintiff KTI.

52. Plaintiff KTI is informed and believes, and thereon alleges, that the acts complained of herein have and will cause Plaintiff KTI to suffer irreparable injury to its business, and Plaintiff KTI has and will continue to suffer loss and injury including loss of goodwill until Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, are preliminary and permanently enjoined from engaging in their infringing acts and other bad acts alleged herein.

53. Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, engaged in the acts complained of herein knowing that they do not have the legal right to do so and in complete disregard of Plaintiff KTI's rights.

54. Plaintiff KTI is informed and believes, and thereon alleges, that the acts complained of herein by Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, are deliberate and willful.

\ \ \

13

**COMPLAINT**

# COUNT I

## MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836, *ET SEQ.*)

### [BY PLAINTIFF KTI AGAINST DEFENDANT PALMERSHEIM, AND DOES 1-5, INCLUSIVE]

55.    Plaintiff KTI repeats and realleges paragraphs 1 through 54 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

56.    Plaintiff KTI alleges that at all relevant times, Plaintiff KTI was the owner and possessor of information constituting trade secrets, and Plaintiff KTI derives independent economic value from that information, and such information is not generally known nor readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and because the information is the subject of reasonable efforts to maintain its secrecy.

57.    Plaintiff KTI alleges, that such trade secret information includes, but is not limited to, Plaintiff KTI product designs and specifications, customer/distributor contact information lists, specific customer pricing and customer preferences for numerous KTI products, KTI supplier information, cost figures, proprietary information relating to KTI's product, including but not limited to KTI's Hydraulic Circuit 115, which embodies Plaintiff KTI's '599 Patent and '765 Patent, business plans, manufacturing know-how, business negotiations, market information, product information, quality standards, financial and cost information, pricing information, pricing sheets, sales and marketing strategies, scientific and technical information, information relating to existing and prospective customers and competitors, sales meeting strategies, intellectual property strategies, and other proprietary information of Plaintiff KTI (*i.e.,* Plaintiff KTI's "Confidential Information").

58.    Plaintiff KTI is informed and believes, and thereon alleges, that such information constituted trade secrets at the time of the misappropriation by Defendant Palmersheim and DOES 1 through 5, inclusive, which is covered by the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.,* and relates to products used, sold, shipped

and ordered in, or intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce.

59.    Plaintiff KTI Plaintiff has taken reasonable measures to keep such information secret and confidential, including by, among other things, limiting access to such Confidential Information, and requiring employees, including former employee Defendant Palmersheim, to sign a Confidentiality Agreements, implementing employment policies that required confidentiality, and limiting computerized access.

60.    Plaintiff KTI alleges Defendant Palmersheim and DOES 1 through 5, inclusive, were provided access to aforesaid trade secrets and other confidential/proprietary information as part of Defendant Palmersheim's executive level position and role with Plaintiff KTI.

61.    Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim and DOES 1 through 5, inclusive, misappropriated such trade secrets and other confidential/proprietary information of Plaintiff KTI by improperly disclosing, using and transferring such information to and between himself, others employed at Defendant MTE, and existing and prospective customers of Plaintiff KTI, to be utilized for Defendant Palmersheim's personal benefit and the benefit of Defendant MTE.

62.    Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim and DOES 1 through 5, inclusive, misappropriated such trade secrets and other confidential/proprietary information knowing full well the value and importance of such information to Plaintiff KTI, and notwithstanding that Defendant Palmersheim had executed the Confidentiality Agreement with Plaintiff KTI.

63.    Plaintiff KTI is informed and believes, and thereon alleges, that as a direct and proximate result of the misappropriation of Plaintiff KTI's trade secrets and other confidential/proprietary information as alleged herein by Defendant Palmersheim and DOES 1 through 5, inclusive, they have been unjustly enriched, and Plaintiff KTI has been damaged in an amount to be proven at trial, but in an amount not less than $30,000,000.00.

**COMPLAINT**

64. Plaintiff KTI is informed and believes, and thereon alleges, that the wrongful use of Plaintiff KTI's trade secrets and other confidential/proprietary information by Defendant Palmersheim and DOES 1 through 5, inclusive, was a substantial factor in causing Plaintiff KTI's harm, that includes without limitation, the creation, development and manufacture of the Accused Products by Defendant MTE.

65. Plaintiff KTI is informed and believes, and thereon alleges, that as a direct and proximate result of the conduct as alleged herein against Defendant Palmersheim and DOES 1 through 5, inclusive, Plaintiff KTI has suffered and will continue to suffer, irreparable injury and is thus entitled to injunctive relief.

66. Plaintiff KTI is informed and believes, and thereon alleges, that the misappropriation of its trade secrets and other confidential/proprietary information by Defendant Palmersheim and DOES 1 through 5, inclusive, has been willful and malicious in light of the allegations herein and the fact that Defendant Palmersheim was entrusted by Plaintiff KTI, entitling Plaintiff KTI to an award of punitive damages and recovery of reasonable attorney fees in an amount not less than $35,000,000.00.

## COUNT II

### INTENTIONAL INTERFERENCE WITH
### PROSPECTIVE ECONOMIC ADVANTAGE
### [BY PLAINTIFF KTI AGAINST DEFENDANT
### PALMERSHEIM, AND DOES 1-5, INCLUSIVE]

67. Plaintiff KTI repeats and realleges paragraphs 1 through 66 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

68. Plaintiff KTI had a reasonable business expectancy and ongoing relationships with its customers/distributors and had a reasonable expectation in engaging in business with, and in earning profits in connection with sales to its existing customers/distributors, new customers/distributors, and potential customers/distributors.

69. Plaintiff KTI is informed and believes, and thereon alleges, that Defendant

**COMPLAINT**

Palmersheim and DOES 1 through 5, inclusive, were aware of, or at least had reason to know of, the existence of Plaintiff KTI's reasonable business expectancy and ongoing relationships with such customers/distributors, and willfully and intentionally interfered with such ongoing business and economic relationships.

70.    Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim and DOES 1 through 5, inclusive, engaged and continue to engage in such actions to disrupt and intercept the relationships between Plaintiff KTI and its customers/distributors and potential customers/distributors, and to convert such customers and potential customers from Plaintiff KTI to Defendant MTE for the benefit of Defendant Palmersheim and Defendant MTE.

71.    Plaintiff KTI is informed and believes, and thereon alleges, that as a foreseeable, direct and proximate result of the wrongful actions of Defendant Palmersheim and DOES 1 through 5, inclusive, Plaintiff KTI has suffered damages, including without limitation the loss of business and the prospect of losing additional business, as well as damage to its reputation and goodwill.

72.    Plaintiff KTI is informed and believes and thereon alleges that as a direct and proximate result of such wrongful actions by Defendant Palmersheim and DOES 1 through 5, inclusive, Plaintiff KTI has been damaged in an amount to be proven at trial, but in an amount not less than $30,000,000.00, and seeks all available actual, consequential, special, and exemplary damages in an amount not less than $35,000,000.00, as well as injunctive relief.

## COUNT III

### BREACH OF CONFIDENTIALITY AGREEMENT

### [BY PLAINTIFF KTI AGAINST DEFENDANT PALMERSHEIM]

73.    Plaintiff KTI repeats and realleges paragraphs 1 through 72 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

74.    On or about September 2, 2014, Defendant Palmersheim executed the KTI

**COMPLAINT**

Confidentiality Agreement. (*See* **Exhibit "3."**)

75.    The Confidentiality Agreement required Defendant Palmersheim to, among other things, refrain from divulging KTI Confidential Information at any time during or after his employment period, including information of a technical or business nature.

76.    Defendant Palmersheim was required to comply with all obligations pursuant to the Confidentiality Agreement and to perform all of the terms and conditions required to be performed by the Confidentiality Agreement.

77.    Plaintiff KTI is informed and believes and thereon alleges that Defendant Palmersheim breached the Confidentiality Agreement by misappropriating Plaintiff KTI's trade secrets and other proprietary information constituting KTI Confidential Information, as alleged herein.

78.    Plaintiff KTI is informed and believes and thereon alleges that as a direct and proximate result of the breach by Defendant Palmersheim, Plaintiff KTI has been damaged in an amount to be proven at trial, but in an amount not less than $30,000,000.00.

### COUNT IV

### BREACH OF FIDUCIARY DUTY

### [BY PLAINTIFF KTI AGAINST DEFENDANT PALMERSHEIM]

79.    Plaintiff KTI repeats and realleges paragraphs 1 through 78 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

80.    Plaintiff KTI is informed and believes and thereon alleges that as a result of Defendant Palmersheim's employment as KTI's Director of Sales, Marketing Engineering, Defendant Palmersheim was an agent of Plaintiff KTI and owed Plaintiff KTI a fiduciary duty and thus was duty bound to act with the utmost good faith and in the best interests of Plaintiff KTI.

81.    Plaintiff KTI placed trust in the fidelity and integrity of Defendant Palmersheim to not take any actions intentional or otherwise that would be detrimental to Plaintiff KTI.

18

**COMPLAINT**

82.    Plaintiff KTI further entrusted Defendant Palmersheim with Plaintiff KTI's Confidential Information, including trade secrets and other confidential and proprietary information as specified herein, and to use such information with fidelity and integrity, rather than using such information for Defendant Palmersheim's own use and benefit and the benefit of Defendant MTE. As a result, a confidential relationship existed between Plaintiff KTI and Defendant Palmersheim.

83.    Plaintiff KTI is informed and believes and thereon alleges that despite having voluntarily accepted Plaintiff KTI's trust and confidence, Defendant Palmersheim misappropriated Plaintiff KTI's trade secrets and otherwise confidential and proprietary information, in violation of such fiduciary relationship of trust and confidence, for Defendant Palmersheim's own benefit and for the benefit of Defendant MTE.

84.    Plaintiff KTI is informed and believes and thereon alleges that it placed confidence and trust in Defendant Palmersheim to act for the benefit of and in the best interests of Plaintiff KTI, and until after Defendant Palmersheim resigned from his employment with Plaintiff KTI, Plaintiff KTI had no knowledge that Defendant Palmersheim had engaged in the devious and duplicitous activities described herein.

85.    Plaintiff KTI is informed and believes and thereon alleges that as a direct and proximate result of the breach of fiduciary duty by Defendant Palmersheim, Plaintiff KTI has been damaged in an amount to be determined at trial, but in an amount not less than $30,000,000.00.

86.    Plaintiff KTI is informed and believes and thereon alleges that in committing the acts described herein, Defendant Palmersheim acted willfully and with the intent to cause injury to Plaintiff KTI and acted with malice, oppression, and fraud as defined under Section 3294(c) of the California Civil Code. Defendant Palmersheim is therefore guilty of malice, oppression, and fraud in conscious disregard of Plaintiff KTI's rights, so as to justify an award of exemplary and punitive damages in an amount not less than $35,000,000.00 to punish and deter others from engaging in similar misconduct.

19

**COMPLAINT**

**COUNT V**

**INFRINGEMENT OF PLAINTIFF KTI'S U.S. PATENT NO. 10,760,599 B2**

**[BY PLAINTIFF KTI AGAINST DEFENDANTS PALMERSHEIM, MTE,**

**NORDLOF, PETERSON, THURMAN, AND DOES 6-10, INCLUSIVE]**

87. Plaintiff KTI repeats and realleges paragraphs 1 through 86 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

88. This claim for patent infringement arises under 35 U.S.C. § 271.

89. Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, through their agents, employees, business partners, and/or servants, have infringed and are continuing to infringe Plaintiff KTI's '599 Patent literally and/or under the doctrine of equivalents, directly or contributorily, by making, using, offering for sale, selling, and/or importing certain hydraulic power units and components, including without limitation, the Accused Products.

90. Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, through their agents, employees, business partners, and/or servants, have infringed and are continuing to infringe Plaintiff KTI's '599 Patent by contributing to and actively inducing infringement by others in the making, using, offering for sale, selling, and/or importing certain hydraulic power units and components, including without limitation, the Accused Products.

91. Plaintiff KTI is informed and believes, and thereon alleges, that the acts of Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, were undertaken without consent, authorization or license from Plaintiff KTI.

92. Plaintiff KTI is informed and believes, and thereon alleges, that the infringement of Plaintiff KTI's '599 Patent by Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10,

20

**COMPLAINT**

inclusive, has been and continues to be willful, deliberate and intentional, and in reckless disregard of Plaintiff KTI's patent rights.

93. Plaintiff KTI is informed and believes, and thereon alleges that as a direct and proximate result of the infringing acts of Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, they have benefitted and derived revenues and profits in an amount to be determined at trial, but in an amount not less than $30,000,000.00.

94. Plaintiff KTI is informed and believes, and thereon alleges, that pursuant to 35 U.S.C. § 284, Plaintiff KTI is entitled to damages for the infringing acts of Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, and treble damages, together with interests and costs in an amount not less than $90,000,000.00.

95. Plaintiff KTI is informed and believes, and thereon alleges, that Plaintiff KTI is entitled to recover from Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, the damages sustained as a result of their wrongful acts in an amount to be determined at trial, but in an amount not less than $30,000,000.00.

96. Plaintiff KTI is informed and believes, and thereon alleges, that pursuant to 35 U.S.C. § 285, Plaintiff KTI is entitled to the total profits from the infringement of the '599 Patent by Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive.

97. Plaintiff KTI is informed and believes, and thereon alleges, that pursuant to 35 U.S.C. § 285, Plaintiff KTI is entitled to its reasonable attorneys' fees.

98. Plaintiff KTI is informed and believes, and thereon alleges, that Plaintiff KTI has suffered irreparable injury as a result of the actions of Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, for which it has no adequate remedy at law.

99.    Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, will continue to injure Plaintiff KTI and infringe the '599 Patent unless they are enjoined by this Court.

## COUNT VI

## INFRINGEMENT OF PLAINTIFF KTI'S U.S. PATENT NO. 11,149,765 B2
## [BY PLAINTIFF KTI AGAINST DEFENDANTS PALMERSHEIM, MTE, NORDLOF, PETERSON, THURMAN, AND DOES 6-10, INCLUSIVE]

100.    Plaintiff KTI repeats and realleges paragraphs 1 through 99 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

101.    This claim for patent infringement arises under 35 U.S.C. § 271.

102.    Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, through their agents, employees, business partners, and/or servants, have infringed and are continuing to infringe Plaintiff KTI's '765 Patent literally and/or under the doctrine of equivalents, directly or contributorily, by making, using, offering for sale, selling, and/or importing certain hydraulic power units and components, including without limitation, the Accused Products.

103.    Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, through their agents, employees, business partners, and/or servants, have infringed and are continuing to infringe Plaintiff KTI's '765 Patent by contributing to and actively inducing infringement by others in the making, using, offering for sale, selling, and/or importing certain hydraulic power units and components, including without limitation, the Accused Products.

104.    Plaintiff KTI is informed and believes, and thereon alleges, that the acts of Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson,

22
**COMPLAINT**

Defendant Thurman, and DOES 6 through 10, inclusive, were undertaken without consent, authorization or license from Plaintiff KTI.

105. Plaintiff KTI is informed and believes, and thereon alleges, that the infringement of Plaintiff KTI's '765 Patent by Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, has been and continues to be willful, deliberate and intentional, and in reckless disregard of Plaintiff KTI's patent rights.

106. Plaintiff KTI is informed and believes, and thereon alleges, that as a direct and proximate result of the infringing acts of Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, they have benefitted and derived revenues and profits in an amount to be determined at trial, but in an amount not less than $30,000,000.00.

107. Plaintiff KTI is informed and believes, and thereon alleges, that pursuant to 35 U.S.C. § 284, Plaintiff KTI is entitled to damages for the infringing acts of Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, and treble damages, together with interests and costs in an amount not less than $90,000,000.00.

108. Plaintiff KTI is informed and believes, and thereon alleges, that Plaintiff KTI is entitled to recover from Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, the damages sustained as a result of their wrongful acts in an amount to be determined at trial, but in an amount not less than $30,000,000.00.

109. Plaintiff KTI is informed and believes, and thereon alleges, that pursuant to 35 U.S.C. § 285, Plaintiff KTI is entitled to the total profits from the infringement of the '765 Patent by Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive.

110. Plaintiff KTI is informed and believes, and thereon alleges, that pursuant to 35 U.S.C. § 285, Plaintiff KTI is entitled to its reasonable attorneys' fees.

23

**COMPLAINT**

111.   Plaintiff KTI is informed and believes, and thereon alleges, that Plaintiff KTI has suffered irreparable injury as a result of the actions of Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, for which it has no adequate remedy at law.

112.   Plaintiff KTI is informed and believes, and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, will continue to injure Plaintiff KTI and infringe the '765 Patent unless they are enjoined by this Court.

## COUNT VII

### UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.* AND § 17500

### [BY PLAINTIFF KTI AGAINST DEFENDANTS PALMERSHEIM, MTE, NORDLOF, PETERSON, THURMAN AND DOES 1-10, INCLUSIVE]

113.   Plaintiff KTI repeats and realleges paragraphs 1 through 112 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

114.   Plaintiff KTI is informed and believes and thereon alleges, that the misappropriation of Plaintiff KTI's trade secrets and other confidential and proprietary information, infringement of the KTI Patents, and the other tortious actions and wrongful conduct as described herein, by Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, constitutes unlawful, unfair, and/or fraudulent business practices in violation of Section 17200, *et seq.* of the California Business and Professions Code, and California common law.

115.   Plaintiff KTI is informed and believes and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, continue to engage in unfair, unethical and illegal business practices, to the harm and detriment of Plaintiff KTI.

24

**COMPLAINT**

116. Plaintiff KTI is informed and believes and thereon alleges, that the misappropriation of Plaintiff KTI's trade secrets and other confidential and proprietary information, infringement of the KTI Patents, and the other tortious actions and wrongful conduct as described herein, by Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, is unfair as they took advantage of Plaintiff KTI's intellectual property and Confidential Information for their benefit and profit.

117. Plaintiff KTI is informed and believes and thereon alleges, that as a direct and proximate result of said Defendants' unfair business practices, they have been unjustly enriched, and Plaintiff KTI has been damaged in an amount to be determined at trial, but in an amount not less than $30,000,000.00, and is entitled to all allowable remedies under California Business and Professions Code Section 17200 *et. seq.*

118. Plaintiff KTI is informed and believes and thereon alleges, that Plaintiff KTI has suffered and will continue to suffer irreparable harm from said Defendants' unfair practices and unfair competition, including without limitation harm to its business reputation, goodwill and stature, for which there is no adequate remedy at law, thereby justifying injunctive relief.

119. Plaintiff KTI is informed and believes and thereon alleges, that in committing the acts alleged herein, Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, acted willfully and with the intent to cause injury to Plaintiff KTI and with malice, oppression, and fraud, in conscious disregard of Plaintiff KTI's rights, so as to justify an award of exemplary and punitive damages in an amount not less than $90,000,000.00 to punish and deter others from engaging in similar misconduct.

\ \ \

\ \ \

25

**COMPLAINT**

# COUNT VIII

## DECLARATORY JUDGMENT - 28 U.S.C. § 2201

### [BY PLAINTIFF KTI AGAINST DEFENDANTS PALMERSHEIM, MTE, NORDLOF, PETERSON, THURMAN AND DOES 1-10, INCLUSIVE]

120.   Plaintiff KTI repeats and realleges paragraphs 1 through 119 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

121.   This claim for declaratory judgment arises under 28 U.S.C. § 2201.

122.   Plaintiff KTI is informed and believes and thereon alleges, that an actual controversy now exists between Plaintiff KTI and Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, concerning the respective rights and obligations of the parties as to Plaintiff KTI's trade secret information and other Confidential Information and Plaintiff KTI's '599 Patent and '765 Patents.

123.   Plaintiff KTI is informed and believes and thereon alleges, that Defendant Palmersheim and DOES 1 through 5, inclusive, engaged in activity directed toward misappropriating Plaintiff KTI's trade secrets and interfering with its prospective economic advantage, including without limitation, as it pertains to the creation, development, marketing, promotion and sale of the Accused Products and other hydraulic systems and components, which Defendant Palmersheim and DOES 1 through 5, inclusive, deny.

124.   Plaintiff KTI is informed and believes and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, have engaged in patent infringing activities, including without limitation, manufacturing, using, selling, offering for sale, and/or importing into the United States the Accused Products that are covered by the '599 Patent and '765 Patent and infringe Plaintiff KTI's rights in said patents.

125.   Plaintiff KTI is informed and believes and thereon alleges, that the '599 Patent and '765 Patent cover the Accused Products that are manufactured used, sold, offered for sale, and/or imported into the United States by Defendant Palmersheim, Defendant

26

**COMPLAINT**

MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, whereas said Defendants' contend the Accused Products do not infringe said patents.

126. Plaintiff KTI also seeks declaratory judgment that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, have infringed Plaintiff KTI's '599 Patent and '765 Patent either literally or via the Doctrine of Equivalents in an amount not less than $30,000,000.00, and treble damages in an amount not less than $90,000,000.00.

127. Plaintiff KTI thus seeks declaratory judgment that Defendant Palmersheim and DOES 1 through 5, inclusive, have misappropriated Plaintiff KTI's trade secrets and other Confidential Information and interfered with its prospective economic advantage, and that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, have infringed Plaintiff KTI's '599 Patent and '765 Patent, either literally or via the Doctrine of Equivalents, in an amount not less than $30,000,000.00, and exemplary damages in an amount not less than $35,000,000.00.

## COUNT IX

### ACCOUNTING FOR PROFITS

### [BY PLAINTIFF KTI AGAINST DEFENDANTS PALMERSHEIM, MTE, NORDLOF, PETERSON, THURMAN, AND DOES 1-10, INCLUSIVE]

128. Plaintiff KTI repeats and realleges paragraphs 1 through 127 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

129. Plaintiff KTI is informed and believes and thereon alleges, that Defendant Palmersheim and DOES 1 through 5, inclusive, have misappropriated Plaintiff KTI's trade secrets and other Confidential Information and interfered with its prospective economic advantage.

130. Plaintiff KTI is informed and believes and thereon alleges, that Defendant

27

**COMPLAINT**

Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, have infringed on Plaintiff KTI's patent rights by manufacturing, using, selling, offering for sale, and/or importing the Accused Products that are covered by Plaintiff KTI's '599 Patent and '765 Patent.

131.    Plaintiff KTI is informed and believes and thereon alleges, that Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, have in their possession and/or control, the documents and records necessary to establish the extent of the infringing activities and misappropriation and the income they derived from such conduct and other wrongful activities as alleged herein.

132. Plaintiff KTI is thus entitled to an accounting requiring Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, to provide all information related to the sale, import, manufacturing, promotion and use of the Accused Products and all other products covered and addressed by the claims herein for purposes of damages calculations, including, but not limited to, determination of actual damages, said Defendants' ill-gotten profits, and reasonable royalties owed to Plaintiff KTI individually and/or jointly by Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive.   Plaintiff is informed and believes, and thereon alleges that the damages in an amount not less than $30,000,000.00.

## PLAINTIFF KTI'S APPLICATION FOR TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

133.    Plaintiff KTI repeats and realleges paragraphs 1 through 132 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

134.    Because Plaintiff KTI's remedy at law is inadequate, in addition to its damages, it seeks a temporary, preliminary, and permanent injunction, ordering Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant

**COMPLAINT**

Thurman, and DOES 1 through 10, inclusive to cease, desist, and refrain from disclosing and/or sharing Plaintiff KTI's Confidential Information including without limitation, trade secret information, with other parties, and from infringing the KTI Patents.

135.   Plaintiff KTI is likely to succeed on the merits of this case because, among other reasons, Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, have engaged in the wrongful conduct as alleged herein.

136.   If Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, are not restrained from performing the illegal actions described herein, such actions will result in immediate and irreparable harm to Plaintiff KTI's business and its reputation within the marketplace, as well as its relationships with its customers. Plaintiff KTI has been and will continue to be injured by said Defendants' conduct.

137.   The issuance of a temporary, preliminary, and permanent injunction preventing Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, from continuing to perform the illegal activity described herein is necessary to prevent immediate, substantial, and irreparable injury to Plaintiff KTI. The issuance of these orders and injunctions also minimizes the risk of Plaintiff KTI's Confidential Information including without limitation trade secrets being disseminated. As such, a balance of equities tips in Plaintiff KTI's favor and an injunction is in the public interest.

138.   Therefore, Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, should be temporarily and preliminarily enjoined during the pendency of this action and then permanently enjoined from continuing the wrongful conduct described herein.

\   \   \

**COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KTI prays for the following judgment on its Complaint against Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 1 through 10, inclusive, as follows:

ON THE FIRST THROUGH FOURTH CAUSES OF ACTION AGAINST DEFENDANT PALMERSHEIM AND DOES 1 THROUGH 5, INCLUSIVE

1.     That Plaintiff KTI be entitled to restitution and recovery of compensatory, general and special damages in a sum according to proof at trial from Defendant Palmersheim and DOES 1 through 5, inclusive, in an amount not less than $30,000,000.00;

2.     For preliminary and permanent injunctive relief;

3.     For exemplary and punitive damages based on knowing, willful, intentional and malicious misappropriation and other conduct by Defendant Palmersheim and DOES 1 through 5, inclusive, in a sum according to proof at trial, and in an amount not less than $35,000,000.00;

4.     That Defendant Palmersheim and DOES 1 through 5, inclusive, account for and remit all gains, profits and advantages derived by his actions alleged herein, in a sum according to proof at trial, and in an amount not less than $30,000,000.00;

5.     For actual damages caused by misappropriation of Plaintiff KTI's trade secrets and breach of the Confidentiality Agreement and breach of fiduciary duties by Defendant Palmersheim and DOES 1 through 5, inclusive, in a sum according to proof at trial, and in an amount not less than $35,000,000.00;

6.     For damages for unjust enrichment caused by misappropriation of Plaintiff KTI's trade secrets by Defendant Palmersheim and DOES 1 through 5, inclusive in a sum according to proof at trial, and in an amount not less than $30,000,000.00;

7.     For a reasonable royalty based on misappropriation of Plaintiff KTI's trade secrets by Defendant Palmersheim and DOES 1 through 5, inclusive, in a sum according to proof at trial, and in an amount not less than $30,000,000.00;

**COMPLAINT**

8. That Plaintiff KTI be awarded pre-judgment and post-judgment interest and all costs associated with this action;

9. For declaratory relief as requested herein;

10. For attorneys' fees pursuant to agreement or statute according to proof;

11. That Plaintiff KTI be awarded pre-judgment and post-judgment interest and all costs associated with this action; and

12. For such other and further relief as this Court deems just and proper.

ON THE FIFTH THROUGH NINTH CAUSES OF ACTION AGAINST DEFENDANTS PALMERSHEIM, MTE, NORDLOF, PETERSON, THURMAN, AND DOES 6 THROUGH 10, INCLUSIVE

1. That Plaintiff KTI be entitled to restitution and recovery of compensatory, general and special damages in a sum according to proof at trial from Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, and in an amount not less than $30,000,000.00;

2. An Order adjudging Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, to have willfully infringed the '599 and '765 Patents pursuant to 35 U.S.C. § 271;

3. An Order adjudging that the making, use, offer for sale, selling, and/or importing of the Accused Products by Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, infringes the '599 and '765 Patents;

4. A preliminary and permanent injunction enjoining Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, their respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with said Defendants, from making, using, selling, offering to sell, and/or importing into the United States the Accused

Products, and any similar product(s);

5.      A preliminary and permanent injunction enjoining Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, their respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with said Defendants, from directly or indirectly infringing the '599 and '765 Patents;

6.      An award of damages adequate to compensate Plaintiff KTI for the infringement of the '599 and '765 Patents pursuant to 35 U.S.C. § 284, against Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, in a sum according to proof at trial, and in an amount not less than $30,000,000.00;;

7.      That Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, be ordered to pay treble damages for willful infringement of the '599 and '765 Patents pursuant to 35 U.S.C. § 284, in a sum according to proof at trial, and in an amount not less than $90,000,000.00;

8.      That Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, account for and remit all gains, profits and advantages derived by their infringement of the '599 and '765 Patents in violation of 35 U.S.C. § 271, in a sum according to proof at trial, and in an amount not less than $30,000,000.00;

9.      That Plaintiff KTI be awarded punitive, exemplary, and/or treble damages for the willful infringement of the '599 and '765 Patents and other unfair competition conduct by Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, in a sum according to proof at trial, and in an amount not less than $90,000,000.00;

10.     An Order adjudging that this is an exceptional case and that Plaintiff KTI be awarded its attorneys' fees from Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive;

**COMPLAINT**

11.     That Plaintiff KTI be awarded pre-judgment and post-judgment interest and all costs associated with this action;

12.     For declaratory relief including a declaratory judgment as requested herein;

13.     An order for accounting wherein Defendant Palmersheim, Defendant MTE, Defendant Nordlof, Defendant Peterson, Defendant Thurman, and DOES 6 through 10, inclusive, be required to provide all information related to the sale, import, manufacturing and use of the '599 and '765 Patents via their Accused Products; and

14.     For such other and further relief as this Court deems just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff KTI hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**WU & REDDY, A PROF. CORP.**


Dated: January 21, 2022

By:  /s/ Charles C.H. Wu
    Charles C.H. Wu, Esq.
    Vikram M. Reddy, Esq.
    Elena N. Sandell, Esq.
Attorneys for Plaintiff K.T.I. Hydraulics, Inc.
a.k.a. KTI Hydraulics Inc.

33
**COMPLAINT**