# EXHIBIT "3"

## KTI Hydraulics, INC.
## Employee Confidential Information Agreement

**THIS AGREEMENT** is entered into as of the date set forth below between KTI Hydraulics, Inc., a California corporation (the "Company"), and the employee identified on the signature page (the "Employee").

In consideration of Employee's employment (or continued employment) by the Company, the parties agree as follows:

**1. Ownership of Inventions.** Employee agrees that all inventions, discoveries, improvements and innovations, whether patentable or not (the "Inventions") conceived or made by Employee, either solely, or in concert with others, during employment with the Company (including, but not limited to, any period prior to the date of this Agreement), relating to the business or research activities of the Company and resulting from the use of the Company's time, materials or facilities shall be the exclusive property of the Company.

**2. Disclosure and Assignment.** Employee further agrees:
(a) That he will promptly disclose in writing to the Company, all Inventions conceived or made by him, either solely, or in concert with others, during the period of employment; and

(b) That he hereby assigns to the Company his entire right, title and interest in all Inventions which are the property of the Company pursuant to paragraph 1 and will, on request, execute specific assignments to any of such Inventions; and that he will execute, acknowledge and deliver such documents and take such further action considered necessary by the Company to obtain and defend patents and/or copyrights in any and all countries and to vest title in such Inventions in the Company or its assigns.

**3. Confidentiality.** Employee agrees that he will not, during or at any time after the period of his employment with the Company, use for himself or others or divulge or convey to others, except as required in performing his duties with the Company, any secret or confidential information, knowledge or data of the Company, or any secret or confidential information, knowledge or data of third parties obtained by Employee in the course of his employment with the Company. Such information, knowledge or data includes, but is not limited to, secret or confidential matters

   (a) of a technical nature, such as, but not limited to, designs, specifications, methods, know-how, formulae, compositions, manufacturing and quality control processes, discoveries, machines, inventions, and research projects, and

   (b) of a business nature, such as, but not limited to, information about costs, profits, markets, sales, lists of customers, and customers' purchasing habits or procedures and

   (c) pertaining to future developments. Employee acknowledges and agrees that all such secret or confidential information is the sole and exclusive property of the Company.

**4. Documents.** Employee agrees that all documents, reports, drawings, designs, tools, equipment, plans, proposals, marketing or sales plans or materials made by him or that come into his possession by reason of his employment are the sole and exclusive property of the Company and shall not be used by him in any way adverse to the Company's interests. Employee agrees not to deliver, reproduce, or in any way allow such documents or items to be delivered or used by any third parties without specific direction or consent of a duly authorized representative of the Company.

-10-

**5. Competition.** During the term of this Agreement, Employee agrees that he will not, directly or indirectly, own an interest in or participate in (as an officer, employee, agent or consultant) any entity producing, designing, or marketing goods or services which directly or indirectly compete with the Company's products or the Company's business. For one year following his termination of employment for any reason, Employee agrees not to undertake any employment or activity competitive with the Company's business wherein the loyal and complete fulfillment of the duties of the competitive employment or activity would call upon Employee to reveal, to make judgments on or otherwise to use, any confidential business information or trade secrets of the Company.

**6. Solicitation of Customers.** During the term of this Agreement and for a period of one year thereafter, Employee agrees that he will not, directly or indirectly, either for himself or for any other person, firm, or corporation, divert or take away or attempt to divert or take away, call on or solicit or attempt to call on or solicit, any of the Company's customers, including but not limited to those upon whom he called or with whom he became acquainted while employed by the Company.

**7. Organization of Competitive Business.** During the term of this Agreement, Employee agrees that he will not undertake planning for or organization of any business activity competitive with the Company's business or combine or conspire with other employees or representatives of the Company's business for the purpose of organizing any such competitive business activity.

**8. Solicitation of Employees.** During the term of this Agreement and for a period of one year thereafter, Employee agrees that he will not, directly or indirectly or by action in concert with others, induce or influence (or seek to induce or influence) any person who is engaged (as an employee, agent, independent contractor, or otherwise) by the Company to terminate his or her employment or engagement.

**9. Irreparable Injury.** Employee acknowledges that failure to perform the foregoing obligations may result in irreparable injury to the Company. Accordingly, Employee further agrees that, in addition to remedies otherwise available, any or all of such obligations may be enforced by restraining order or injunction.

**10. Severability.** The invalidity or unenforceability of any provision of this Agreement or the invalidity or unenforceability of any provision of this Agreement as applied to a particular occurrence or circumstance shall not affect the validity or enforceability of any of the other provisions of this Agreement or the other applicability of such provision, as the case may be.

**11. Entire Agreement.** This Agreement supersedes all previous employee invention and confidential information agreements, if any, between the Company and Employee, and may not be changed in whole or in part, except in writing by a duly elected and authorized officer of the Company.

**12. Successors and Assigns.** This Agreement shall inure to the benefit of and may be enforced by the Company, its successors and assigns and shall be binding on Employee, his successors in interest.

-11-



The following employee signature confirms receipt of the KTI Hydraulics Inc. employee handbook.

GERARD                                    m              PALMERSHEIM
**Employee First Name**                   **MI**         **Last Name**

_(signature)_                                            9/2/2014
**Employee Signature**                                   **Date**

_Esther Cantral_                          9-2-2014
**Employer's Representative**             **Date**

-12-