Charles C.H. Wu, SBN 166756
 cchwu@wclawyers.com
Vikram M. Reddy, SBN 228515
 vreddy@wclawyers.com
Elena N. Sandell, SBN 333153
 esandell@wclawyers.com
**WU & REDDY, A PROF. CORP.**
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111

Attorneys for plaintiff K.T.I. Hydraulics, Inc.,
a.k.a. KTI Hydraulics Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.T.I. HYDRAULICS, INC., A.K.A. KTI HYDRAULICS INC., a California corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>GERARD M. PALMERSHEIM, A.K.A. JERRY PALMERSHEIM, an individual; MECHANICAL TOOL & ENGINEERING CO., an Illinois corporation, D.B.A. and A.K.A. MTE HYDRAULICS, D.B.A. and A.K.A. MTE HYDRAULICS INC.; GREGORY STAFFORD NORDLOF, A.K.A. GREG NORDLOF, an individual and president of MECHANICAL TOOL & ENGINEERING CO.; DAVID E. PETERSON, A.K.A. DAVID N. PETERSON, an individual; RICHARD THURMAN, A.K.A. RICH THURMAN, A.K.A. RICHARD J. THURMAN, A.K.A. RICH J. THURMAN, A.K.A. RICHARD N. THURMAN, A.K.A. RICH N. THURMAN, an individual; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 8:22−cv−00110−JLS−JDE<br><br>Judge Josephine L. Staton<br>Magistrate Judge John D. Early<br><br>**JOINT RULE 26(f) REPORT**<br><br><br>**Scheduling Conference**<br>**Date: May 27, 2022**<br>**Time: 10:30 A.M.**<br>**Courtroom: 10-A** |

1

**JOINT RULE 26(F) REPORT**

VP/#56273404.1

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1 and the Court's April 7, 2022 Order Setting Scheduling Conference (Dkt. 23), plaintiff K.T.I. Hydraulics, Inc., a.k.a. KTI Hydraulics Inc., a California corporation (hereinafter, "Plaintiff") and defendants Gerard M. Palmersheim, a.k.a. Jerry Palmersheim, an individual; Mechanical Tool & Engineering Co., an Illinois Corporation, d.b.a. and a.k.a. MTE Hydraulics, d.b.a. and a.k.a. MTE Hydraulics Inc.; Gregory Stafford Nordlof, a.k.a. Greg Nordlof, an individual and president of Mechanical Tool & Engineering Co.; David E. Peterson, a.k.a. David N. Peterson, an individual; Richard Thurman, a.k.a. Rich Thurman, a.k.a. Richard J. Thurman, a.k.a. Rich J. Thurman, a.k.a. Richard N. Thurman, a.k.a. Rich N. Thurman, (collectively hereinafter, "Defendants"), submit this Joint Rule 26(f) Report and case management and discovery schedule. Counsel have conferred pursuant to Fed. R. Civ. P. 26(f)(1).

### a. **Statement of the Case:**

#### Plaintiff's Statement

Plaintiff is one of the leaders in specially manufactured hydraulic systems and related components, such as power units and manifolds, throughout several industries, including without limitation those designed for the dump truck trailer industry, wherein such hydraulic equipment enables the operator to raise and lower the dump truck trailer bed affixed to a truck. Plaintiff has expended substantial time, money and efforts in developing and promoting its intellectual property in connection with its hydraulic products, including without limitation seeking and obtaining patent protection from the United States Patent and Trademark Office ("USPTO"). Plaintiff is the current owner of the subject patents for hydraulic power units, specifically: U.S. Patent No. 10,760,599 B2 (hereinafter, the "'599 Patent") and U.S. Patent No. 11,149,765 B2 (hereinafter, the "'765 Patent").

**Re: trade secret misappropriation allegations**: From on or about September 1, 2014 to on or about August 21, 2020, Defendant Gerard M. Palmersheim, a.k.a. Jerry Palmersheim ("Defendant Palmersheim") was hired by Plaintiff as Director of Sales,

2
**JOINT RULE 26(F) REPORT**

Marketing Engineering.

On or about September 2, 2014, Defendant Palmersheim executed a KTI Employee Confidential Information Agreement ("Confidentiality Agreement") promising, among other things, not to use or divulge KTI confidential information at any time during or after his employment period, including information of a technical or business nature.

Plaintiff alleges in its Complaint that prior to his last day of employment at KTI on or about August 21, 2020, or shortly thereafter, Defendant Palmersheim had already procured an offer of employment to join Defendant MTE, a direct competitor to Plaintiff, as a Director of Business Development with his position and job duties focused on the same dump trailer business sector. Plaintiff also alleges in the weeks and/or months prior to ending his employment with Plaintiff, Defendant Palmersheim misappropriated trade secret information as set forth in the Complaint, including information Plaintiff's proprietary information relating to Plaintiff's products, including but not limited to Plaintiff's Hydraulic Circuit 115, which embodies Plaintiff's '599 Patent and '765 Patent, manufacturing know-how, business negotiations, market information, financial and cost information, pricing information, and information relating to existing and prospective customers and competitors. Some of the specific information believed to have been misappropriated include KTI customer lists, KTI product parts lists, vendor lists and inside contacts lists.

**Re: patent infringement allegations**: Plaintiff accuses Defendants via its Complaint of infringing Plaintiff's '599 Patent and '765 Patent. Said infringement has taken place via Defendants' manufacturing, advertising, offering for sale nationwide, and selling of hydraulic power units including but not limited to Defendant MTE's "VE" product line (collectively hereinafter, the "Accused Products") which infringe upon Plaintiff's '599 and '765 Patents.

Plaintiff also accuses Defendant Palmersheim of soliciting Plaintiff's customers in the dump truck trailer business sector and other sectors, including improperly using and misappropriating Plaintiff's Confidential Information, such as specific customer product specifications and pricing to offer lower pricing by Defendant MTE on numerous hydraulic

**JOINT RULE 26(F) REPORT**

VP/#56273404.1

units and components in an attempt to divert Plaintiff KTI's dump truck trailer customers and business to Defendant MTE

### Defendants' Statement

Defendants dispute that they are subject to this Court's personal jurisdiction, and also dispute that Defendants' claims are properly venued in this Court.   Defendants' participation in this Rule 26(f) report is subject to these objections which are more fully set forth in Defendants Motion to Dismiss Case Pursuant to FRCP 12(b)(2), (b)(3) & (b)(6). Dkt. #21.

Substantively, Defendants fully deny all allegations of Plaintiff and intend to vigorously defend against the claims lodged by Plaintiff once in the proper forum.

### b. **Legal Issues:**

### Plaintiff's Statement:

Plaintiff contends the principal legal issues in this case include at least the following:

1.   The misappropriation of trade secrets and proprietary information by Defendant Palmersheim as set forth in the Complaint.

2.   The alleged breach by Defendant Palmersheim of the Confidentiality Agreement with Plaintiff, as set forth in the Complaint.

3.   The alleged infringement of Plaintiff's '599 Patent and '765 Patent by Defendants as set forth in the Complaint.

4.   The alleged acts of unfair competition perpetrated by Defendants relating to Plaintiff's '599 Patent and '765 Patent, and other acts as set forth in the Complaint.

5.   Plaintiff's allegations that Defendants' infringement was willful and intentional.

6.   The amount of Plaintiff's alleged damages.

### Defendants' Statement:

In addition to items 1-5 identified by Plaintiff *supra*, Defendants identify at least the following legal issues in this case:

### JOINT RULE 26(F) REPORT

VP/#56273404.1

1. whether this matter should be dismissed for lack of personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 12(b)(2);

2. whether this matter should be dismissed for lack of venue pursuant to Fed. R. Civ. P. 12(b)(3);

3. whether this matter should be transferred to the Northern District of Illinois for pursuant to 28 U.S.C. § 1406;

4. whether this matter should be transferred to the Northern District of Illinois for the convenience of the parties, convenience of the witnesses, and interest of justice pursuant to 28 U.S.C. § 1404;

5.  whether this action should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## c. **Damages:**

### **Plaintiff's Statement:**

Discovery has not begun. No documents have been exchanged, and no depositions have occurred. No information regarding sales of the accused products by Defendants has yet been produced. The issue of willfulness with respect to allegations asserted against Defendants will likewise be explored in discovery. Accordingly, at this time Plaintiff is not able to provide a range of provable damages at this point.

### **Defendants' Statement:**

Defendants' dispute that Plaintiff has suffered any damages caused by any acts of Defendants.

## d. **Insurance:**

The Parties are of the present belief that no indemnity or insurance agreements are relevant to this lawsuit, but such issues are expected to be further addressed via discovery.

5

**JOINT RULE 26(F) REPORT**

**e.** **Motions:**

**Plaintiff's Statement**

Plaintiff anticipates it will file a Motion for a Preliminary Injunction to enjoin Defendant Palmersheim and the MTE Defendants from using or utilizing any of the alleged misappropriated trade secret information from Plaintiff KTI. Plaintiff may add other parties or claims and file amended pleadings as discovery proceeds Plaintiff also contemplates filing a dispositive motion as well at some point in the course of litigation. Defendants have filed a Motion to Dismiss and/or Alternatively Transfer Venue pursuant to FRCP Rule 12(b), which is scheduled to be heard on August 12, 2022. Plaintiff will be filing an opposition to Defendants' Motion to Dismiss.

**Defendants' Statement**

In addition to its pending Motion to Dismiss, Defendants anticipate filing a motion for summary judgment at the appropriate time, and such other motions, discovery or otherwise, which may be appropriate as the case unfolds.

**f.** **Complexity:**

The Parties do not believe this is a complex case and thus the procedures set forth in the Manual for Complex Litigation are not relevant or appropriate for this action.

**g.** **Status of Discovery:**

The Parties have not yet served discovery and initial disclosures have not been made.

**h.** **Discovery Plan:**

A) The Parties do not see a need to change the form or requirement for making initial disclosures under Rule 26(a)(1). the Parties have agreed to serve their respective Initial Disclosures by June 17, 2022.

B) Subjects on which discovery may be needed:

**JOINT RULE 26(F) REPORT**

VP/#56273404.1

The Parties do not see a need for discovery to be bifurcated or conducted in phases. The subjects upon which discovery may be needed include, but are not limited to:

(1) Discovery relating to all claims and defenses in the litigation, including all of Plaintiff's claims enumerated in its Complaint, including without limitation conduct of Defendants constituting a claim for Misappropriation of Trade Secrets Under the Defendant Trade Secrets Act (18 U.S.C. § 1836, ET SEQ.); current location of any external storage devices utilized by Defendant Palmersheim during his employment at Plaintiff KTI, and copies of any such content; discovery relating to Plaintiff's claims of Intentional Interference with Prospective Economic Advantage; Breach of Confidentiality Agreement; Breach of Fiduciary Duty; Infringement of U.S. Patents Nos. 10,760,599 B2 and 11,149,765 B2; and Unfair Competition under California Business and Professions Code §§ 17200, ET SEQ. AND § 17500; any other topics which may properly arise;, and all of Defendants' forthcoming defenses, including, but not limited to the bases asserted in Defendant's Motion to Dismiss. Dkt. #21;

(2) Written Discovery: The Parties plan to serve Requests for Production, Interrogatories, and/or Requests for Admission, and may serve additional written discovery within the limits of the Federal Rules.

(3) Oral Depositions: The Parties plan to take at least the Rule 30(b)(6) depositions of the other parties as well as any other witnesses with relevant information, the identities of whom are not yet known.

Depositions shall take place in advance of the discovery cut-off date and after the Parties complete written discovery necessary to conduct such depositions.

C) Protective Order, Email Service and Electronically Stored Information (ESI): The Parties intend to meet and confer in an effort to enter into a suitable protective order for the production of information and/or documents containing confidential, proprietary, or private personal information.

**JOINT RULE 26(F) REPORT**

VP/#56273404.1

The Parties agree to service of any documents or ESI via email effective as if mailed. However, the Parties may still use any other method of service provided for under the Federal Rules (*e.g.*, mail, hand delivery) so long as notice is given to opposing counsel via email on the date of service using any other method allowed. Unless agreed otherwise, the Parties shall produce all documents in .PDF format, except for Microsoft Excel (e.g., .XLSX, .CSV, etc.), Microsoft PowerPoint (.PPTX), and Audio and/or Video Multi-Media (e.g., .MP3, .MP4, .WAV, etc.), which shall be produced in native format.

That if production of a particular document warrants a different format, the Parties agree to cooperate in arranging for a mutually acceptable production of such documents. The Parties agree not to degrade the readability of documents or searchability of ESI as part of the document production process.  Should issues arise regarding the service of documents or the production of ESI, the Parties agree to meet and confer in good faith to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.   Should any email with attached files exceed 10 MB in size, the Parties agree to send such files via secure electronic file transfer or on a flash memory drive sent via overnight courier.

D) Claims of Privilege or Protection:

The Parties are not currently aware of any live issues about claims of privilege or protection, but agree to meet and confer in good faith to reach a consensus if and when the need arises to address procedures to assert such claims.

E) Proposed Changes to Limitations on Discovery:

The Parties do not believe modifications of the discovery limitations set forth in the Federal Rules of Civil Procedure or the Local Rules are necessary at this time

F) is the Parties are not currently aware of any other orders the Court should issue under Rule 26(c), or under Rule 16(b-c).

### i. **Expert Discovery:**

The Parties agree that all expert discovery and disclosures shall be governed under

**JOINT RULE 26(F) REPORT**

VP/#56273404.1

Fed. R. Civ. P. 26(a)(2) and Local Rule 26-1(f), and proposes the dates as set forth in the table in Exhibit A enclosed hereto.

### j. Dispositive Motions:

#### Plaintiff's Statement

Plaintiff expects to file a motion for summary judgment and/or adjudication at a suitable and appropriate juncture of this lawsuit. The issues Plaintiff believes may be determined by a motion for summary judgment are not fully known at this time.

#### Defendants' Statement

Defendants anticipate filing a motion for summary judgment against all of Plaintiff's claims, which Defendants allege lack factual or legal merit.

### k. Alternative Dispute Resolution (ADR) Procedure Selection:

Pursuant to Local Rule 16-15.4, the Parties agree to participate in ADR Procedure No. 3 (private mediation) after meaningful discovery has been completed.

### l. Settlement Efforts:

There have been no settlement communications between the Parties to date with respect to this Action.

### m. Preliminary Trial Estimate:

#### Plaintiff's Statement

Plaintiff has requested a Jury Trial but may revisit this issue after the Parties have engaged in meaningful discovery. Plaintiff estimates 12-14 court days due to the number of parties and the anticipated difficulty that juror selection may pose due to COVID-19 challenges. Plaintiff anticipates calling approximately 8-10 witnesses, including party witnesses, experts, and third-party witnesses (as needed). There may be more than one

**JOINT RULE 26(F) REPORT**

VP/#56273404.1

issues expert for each side and there may be a damages expert and a rebuttal damages expert for Defendants to address the issue of Plaintiff's monetary damages.

**Defendants' Statement**

Defendants believe this should be a 5-7 day trial after a jury is seated.   Defendants anticipate calling 7-10 witnesses, as needed.

### n. Trial Counsel:

The names of the lead attorneys whom will try the case on behalf of Plaintiff are: (i) Vikram M. Reddy; and (ii) Charles C.H. Wu.

The names of the lead attorneys whom will try the case on behalf of Defendants are: (i) Deborah A. Hedley; and (ii) Michael Quinn.

### o. Independent Expert or Master:

The Parties do not believe that this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

### p. Other Issues:

**(i)   Protective Order:**

The Parties may enter a protective order to produce information such as ESI pertaining to metadata contained on the Parties' websites, and/or documents containing confidential, proprietary, or private personal information.

**(ii)   Remaining Issues:**

The Parties are unaware of any other issues affecting the status or management of the case that should be discussed with the Court, nor do the Parties have any proposals regarding severance, bifurcation, or other ordering of proof.

10

**JOINT RULE 26(F) REPORT**

VP/#56273404.1

**q. Timetable:**

Per the Court's April 7, 2022 Order Setting Scheduling Conference (Dkt. 23), the Parties submit the attached Schedule of Pretrial and Trial Dates form attached as Exhibit A, which also incorporates the Northern District of California Patent Local Rules.


Respectfully submitted,


**WU & REDDY, A PROF. CORP.**


Dated:    May 13, 2022              By:___/s/ Vikram M. Reddy_____
                                            Charles C.H. Wu
                                            Vikram M. Reddy
                                            Elena N. Sandell
                                   Attorneys for Plaintiff K.T.I. Hydraulics, Inc.
                                   a.k.a. KTI Hydraulics Inc.



**VEDDER PRICE (CA), LLP**


Dated:    May 13, 2022              By:___/s/ Deborah A. Hedley_____
                                            Deborah A. Hedley
                                            Michael Quinn
                                   Attorneys for Defendants Mechanical Tool &
                                   Engineering Co., Gregory S. Nordlof, Gerard M.
                                   Palmersheim, David E. Peterson, Richard Thurman

**JOINT RULE 26(F) REPORT**

# EXHIBIT A

## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES IN UTILITY PATENT CASES ASSIGNED TO THE HON. JOSEPHINE L. STATON

CASE NAME: KTI HYDRAULICS, INC. v. GERARD PALMERSHEIM, *ET AL*.

CASE NO: 8:22−cv−00110−JLS−JDE

| Matter | Deadline | Parties' Stipulated Requested Deadlines |
|---|---|---|
| 1. Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure (N.D. Patent L.R. 3-1(a)-(h) to 3-2(a)- (e)). | Scheduling Conference Date plus fourteen (14) days (N.D. Patent L.R. 3-1 and 3-2). | August 9, 2022 |
| 2. Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 8 weeks. (Judge Staton's April 7, 2022 Order Setting Scheduling Conference. [DKT 23]). | September 21, 2022 |
| 3. Disclosure of Invalidity Contentions and Production Accompanying Invalidity Contentions[1] (N.D. Patent L.R. 3-3(a)-(d) to 3-4(a)-(b)). | Deadline for Infringement Contentions Disclosure plus forty-nine (49) days (adapted from N.D. Patent L.R. 3-3). | September 28, 2022 |
| 4. Exchange of Proposed Terms for Construction (N.D. Patent L.R. 4-1(a)-(b)). | Deadline for Invalidity Contentions Disclosure plus fourteen (14) days[2] (N.D. Patent L.R. 4-1). | October 12, 2022 |
| 5. Exchange of Preliminary Claim Constructions and Extrinsic Evidence (N.D. Patent L.R. 4-2(a)-(c). | Exchange of Proposed Terms for Construction plus fourteen (14) days (adapted from N.D. Patent L.R. 4-2). | October 26, 2022 |
| 6. Joint Status Report Regarding Technology Tutorial | Sixty (60) days in advance of the Claim Construction Hearing (Order Setting Scheduling Conference). | November 16, 2022 |
| 7. Completion of Claim Construction Discovery (N.D. Patent L.R. 4-4.) | Exchange of Preliminary Claim Constructions and Extrinsic Evidence plus twenty-eight (28) days. | November 23, 2022 |
| 8. Joint Claim Construction and Prehearing Statement (N.D. Patent L.R. 4-3(a)-(e)). | Completion of Claim Construction Discovery plus seven (7) days. | November 30, 2022 |

12

**JOINT RULE 26(F) REPORT**

| 9. Opening Claim Construction Briefs[5] | Deadline for filing of Joint Claim Construction and Prehearing Statement plus seven (7) days. | December 7, 2022 |
|---|---|---|
| 10. Responsive Claim Construction Briefs | Deadline for filing of Opening Claim Construction Briefs plus fourteen (14) days. | December 21, 2022 |
| 11. Claim Construction Hearing | Twenty-five (25) days after the Responsive Brief Deadline (set for Tuesday at 9:00 a.m.). | January 16, 2023 |
| 12. Claim Construction Ruling Date | Projected as 94 days (approximately three months) after the hearing. The actual date is likely to vary and may be earlier or later. | April 19, 2023 |
| 13. Production Related to Reliance Upon Advice of Counsel (N.D. Patent L.R. 3-7(a)-(c).) | Thirty-two (32) days after the projected Claim Construction Ruling Date (adapted from N.D. Patent L.R. 3-7). | May 22, 2023 |
| 14. Fact Discovery Cut-Off | Depending on case complexity, generally a Friday between 6-9 months after the Scheduling Conference Counsel and 18 weeks before the Final Pretrial Conference ("FPTC"). (Judge Staton's April 7, 2022 Order Setting Scheduling Conference. [DKT 23]). | May 31, 2023 |
| 15. Last Day to Serve Initial Expert Reports (unrelated to claim construction). | 2 weeks after Fact Discovery Cut-Off. (Judge Staton's April 7, 2022 Order Setting Scheduling Conference. [DKT 23]). | June 14, 2023 |
| 16. Last Day to File Motions (Except Daubert and all other Motions in Limine). | 2 weeks after Fact Discovery Cut-Off. (Judge Staton's April 7, 2022 Order Setting Scheduling Conference. [DKT 23]). | June 14, 2023 |
| 17. Last Day to Serve Rebuttal Expert Reports (unrelated to claim construction). | 6 weeks after Fact Discovery Cut-Off. (Judge Staton's April 7, 2022 Order Setting Scheduling Conference. [DKT 23]). | July 14, 2023 |
| 18. Last Day to Conduct Settlement Proceedings. | 9 weeks after Fact Discovery Cut-Off. (Judge Staton's April 7, 2022 Order Setting Scheduling Conference. [DKT 23]). | July 28, 2023 |

13

**JOINT RULE 26(F) REPORT**

| 19. Expert Discovery Cut-Off. | 10 weeks after Fact Discovery Cut-Off. (Judge Staton's April 7, 2022 Order Setting Scheduling Conference. [DKT 23]). | August 11, 2023 |
|---|---|---|
| 20. Last Day to File Daubert Motions. | 4 weeks before the FPTC. (Judge Staton's April 7, 2022 Order Setting Scheduling Conference. [DKT 23]). | September 22, 2023 |
| 21. Last Day to File Motions in Limine (excluding Daubert Motions). | 4 weeks before the FPTC. (Judge Staton's April 7, 2022 Order Setting Scheduling Conference. [DKT 23]). | September 22, 2023 |
| **22. Final Pre-Trial Conference (Friday at 10:30 a.m.).** | | October 20, 2023 |

14

**JOINT RULE 26(F) REPORT**

VP/#56273404.1