Charles C.H. Wu, SBN 166756
    cchwu@wclawyers.com
Vikram M. Reddy, SBN 228515
    vreddy@wclawyers.com
Elena N. Sandell, SBN 333153
    esandell@wclawyers.com
**WU & REDDY, A PROF. CORP.**
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111

Attorneys for plaintiff K.T.I. Hydraulics, Inc., a.k.a. KTI Hydraulics Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.T.I. HYDRAULICS, INC., A.K.A. KTI HYDRAULICS INC., a California corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>GERARD M. PALMERSHEIM, A.K.A. JERRY PALMERSHEIM, an individual; MECHANICAL TOOL & ENGINEERING CO., an Illinois corporation, D.B.A. and A.K.A. MTE HYDRAULICS, D.B.A. and A.K.A. MTE HYDRAULICS INC.; GREGORY STAFFORD NORDLOF, A.K.A. GREG NORDLOF, an individual and president of MECHANICAL TOOL & ENGINEERING CO.; DAVID E. PETERSON, A.K.A. DAVID N. PETERSON, an individual; RICHARD THURMAN, A.K.A. RICH THURMAN, A.K.A. RICHARD J. THURMAN, A.K.A. RICH J. THURMAN, A.K.A. RICHARD N. THURMAN, A.K.A. RICH N. THURMAN, an individual; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 8:22−cv−00110−JLS−JDE<br><br>Judge Josephine L. Staton<br><br>Magistrate Judge John D. Early<br><br>**PLAINTIFF K.T.I. HYDRAULICS, INC.'S OPPOSITION TO DEFENDANTS' RULE 12(b)(2), 12(b)(3), AND 12(b)(6) MOTION TO DISMISS**<br><br>**Date: August 12, 2022**<br>**Time: 10:30 a.m.**<br>**Place: Courtroom 8A**<br>      **350 West First Street**<br>      **Los Angeles, CA 90012** |

i

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(B)2), 12(B)(3), AND 12(B)(6) MOTIONS**

# TABLE OF CONTENTS

I. INTRODUCTION…………………………………………………………………1

II. ARGUMENT……………………………………………………………………..1

   A.  THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT PALMERSHEIM…………………………………………………………………1

   B.  VENUE IS PROPER IN CALIFORNIA……….…..……..…….…….....3

   C.  THE COMPLAINT MEETS THE LEGAL STANDARD TO SURVIVE A 12(B)(6) MOTION TO DISMISS………..……..…..………………..3

      1.  Legal Standard…..………..……….……..………….……..………..…...3

      2.  The Complaint Sufficiently Pleads a Claim for Trade Secret Misappropriation Against Defendant Palmersheim…..……..………..…..4

      3.  The Complaint Sufficiently Pleads a Claim for Intentional Interference with Prospective Economic Advantage Against Defendant Palmersheim…..9

      4.  The Complaint Sufficiently Pleads a Claim for Breach of Fiduciary Duty Against Defendant Palmersheim…..……..……..…….…..………..…10

      5.  The Complaint Sufficiently Pleads a Claim for Breach of Confidentiality Agreement Against Defendant Palmersheim…..……..……..………..12

         a.  The Confidentiality Agreement is Not a Noncompete Agreement……13

      6.  The Complaint Sufficiently Pleads a Claim for Unfair Competition Against Defendant Palmersheim…..……..……..…….……..………...14

III. REQUEST FOR LEAVE TO AMEND……………………………………...16

IV. CONCLUSION…………………………………………………………………16

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(B)2), 12(B)(3), AND 12(B)(6) MOTIONS**

# TABLE OF AUTHORITIES

**PAGE**

**STATUTES AND RULES**

18 U.S.C. § 1836 ............................................................................................... 1,4

28 U.S.C.A. § 1391 .............................................................................................. 3

Cal. Civ. Code §3426 ........................................................................................ 4,5

Cal. Bus. & Prof. Code § 17200 ..................................................................... 1, 15

Fed. R. Civ. P 12(b)(6) .....................................................................................3-4

Fed. R. Civ. P 15(a)(2) ...................................................................................... 16

**CASES**

Abba Rubber Co. v. Seaquist,
235 Cal. App. 3d 1, 18, 286 Cal. Rptr. 518 (1991) .............................................. 5

AlterG, Inc. v. Boost Treadmills LLC,
388 F. Supp. 3d 1133, 1144 (N.D. Cal. 2019) ..................................................... 6

Ashcroft v. Iqbal,
556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .............................. 3

Axiom Foods, Inc. v. Acerchem Int'l, Inc.,
874 F3d 1064, 1069 (9th Cir. 2017) ................................................................... 2

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .............................. 3

Beaver v. Tarsadia Hotels,
29 F. Supp. 3d 1294, 1303 (S.D. Cal. 2014), aff'd, 816 F.3d 1170 (9th Cir. 2016) ......... 15

Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.,
873 F. Supp. 2d 1192, 1212 (N.D. Cal. 2012) ..................................................... 5

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(B)2), 12(B)(3), AND 12(B)(6) MOTIONS**

Burger King Corp. v. Rudzewicz,
471 US 462, 479-480, 105 S.Ct. 2147, 2186 (1985) ............................................................ 2

Chabner v. United Omaha Life Ins. Co.,
225 F.3d at 1048 (9th Cir. 2000)...................................................................................... 15

Cherokee Chemical Co., Inc. v. Frazier,
No. CV 20-1757-MWF (ASx), 2020 WL 8410432............................................................ 6,7

DeSoto v. Yellow Freight Sys., Inc.,
957 F.2d 655, 658 (9th Cir. 1992) .................................................................................... 16

Erhart v. BofI Holding, Inc.,
387 F. Supp. 3d 1046 (S.D. Cal. 2019)............................................................................. 12

Faber v. Metro. Life Ins. Co.,
648 f3d 98, 104 (2nd Cir. 2011) ........................................................................................ 4

Feitelberg v. Credit Suisse First Boston, LLC,
134 Cal.App.4th at p. 1009, 36 Cal.Rptr.3d 592 ............................................................. 15

Gilligan v. Jamco Dec. Corp.,
108 F.3d 246, 249 (9th Cir. 1997)...................................................................................... 4

Great Minds v. Off. Depot, Inc.,
945 F.3d 1106 (9th Cir. 2019) ........................................................................................... 4

Gutierrez v. Girardi,
194 Cal. App. 4th 925, 125 Cal. Rptr. 3d 210 (2011) ...................................................... 11

Henry Schein, Inc. v. Cook,
191 F. Supp. 3d 1072, 1077 (N.D. Cal. 2016)................................................................... 8

Imax Corp. v. Cinema Techs., Inc.,
152 F.3d 1161, 1164-65 (9th Cir. 1998)............................................................................. 6

In re NVIDIA Corp. Sec. Litig.,
768 F.3d 1046, 1051 (9th Cir. 2014) .................................................................................. 4

Korea Supply Co. v. Lockheed Martin Corp.,
29 Cal. 4th 1134, 1138, 63 P.3d 937 (2003)..................................................................... 9

iv

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(B)2), 12(B)(3), AND 12(B)(6) MOTIONS**

Latshaw v. Johnston,
167 F3d 208, 213 (5th Cir. 1999) ....................................................................... 2

Lundgren v. Sup.Ct.,
11 CA3d 477, 484, 168 CR 717, 720) (1980)...................................................... 2

Moss v. U.S. Secret Serv.,
572 F.3d 962, 969 (9th Cir. 2009) .................................................................... 3,4

Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.,
319 F. Supp. 2d 1059, 1069 (C.D. Cal. 2003) ................................................... 9

Navigation Holdings, LLC v. Molavi,
445 F. Supp. 3d 69, 77 (N.D. Cal. 2020) ........................................................... 7

Oasis W. Realty, LLC v. Goldman,
51 Cal. 4th 811, 250 P.3d 1115 (2011) ............................................................ 13

Pierce v. Lyman,
1 Cal.App.4th 1093, 1101, 3 Cal.Rptr.2d 236 (1991) ..................................... 12

Prakashpalan v. Engstrom, Lipscomb and Lack,
223 Cal.App.4th 1105, 1133, 167 Cal.Rptr.3d 832 (2014) ............................. 16

Saunders v. Superior Court,
27 Cal.App.4th 832, 838–39, 33 Cal.Rptr.2d 438 (1994) ............................... 15

Stokes v. Dole Nut Co., 41
Cal. App. 4th 285, 48 Cal. Rptr. 2d 673 (1995) .............................................. 12

United States v. Milovanovic,
678 F.3d 713 (9th Cir. 2012) ........................................................................... 11

Vendavo, Inc. v. Price f(x) AG,
No. 17-cv-06930-RS, 2018 WL 1456697, at *3-4 (N.D. Cal. Mar. 23, 2018) .................. 7

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(B)2), 12(B)(3), AND 12(B)(6) MOTIONS**

## I. **INTRODUCTION**

For procedural background and judicial economy, on July 20, 2022 plaintiff K.T.I. Hydraulics, Inc., a.k.a. KTI Hydraulics Inc., a California corporation, (hereinafter "Plaintiff" or "KTI") pursuant to Fed. Rule of Civ. Pro. 41(a) voluntarily dismissed without prejudice all of the named defendants with the exception of defendant Gerard M. Palmersheim, a.k.a. Jerry Palmersheim, (hereinafter, "Defendant Palmersheim" or "Palmersheim") from all causes of action as well as voluntarily dismissed without prejudice Defendant Palmersheim from Counts V and VI , the patent infringement causes of action, as alleged in the complaint (DKT. 1) (hereinafter, the "Complaint").

All of the named defendants shall be collectively referred to herein as the "Defendants." Thus, Defendants' motion to dismiss pursuant to Fed. Rules of Civ. Pro. 12(b)(2), 12(b)(3), and 12(b)(6) (hereinafter, the "Motion") is, for the most part, mooted with the exception of Defendant Palmersheim.

Consequently, Plaintiff's opposition to the Motion (hereinafter, "Opposition") will only address on the remaining counts against Defendant Palmersheim as set forth in the Complaint, namely:

(1) Misappropriation of trade secrets under the defend trade secrets act (18 U.S.C. § 1836, et seq.) – Count I;

(2) Intentional interference with prospective economic advantage – Count II;

(3) Breach of confidentiality agreement – Count III

(4) Breach of fiduciary duty – Count IV; and

(5) Unfair competition under California Business and Prof. Code §§ 17200, et seq. and § 17500 – Count V.

## II. **ARGUMENT**

### A. **This Court has Personal Jurisdiction over Defendant Palmersheim**

As Defendants concede in their Motion, to establish special personal jurisdiction, the Plaintiff must establish that defendants committed some act or concluded some transaction

1

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

by which they purposefully availed themselves of the benefits and protections of the forum state and that the claims alleged resulted from said act or transaction. *See Burger King Corp. v. Rudzewicz* (1985) 471 US 462, 479-480, 105 S.Ct. 2147, 2186 "A nonresident also may be subject to personal jurisdiction for liability-producing acts that have foreseeable consequences in the forum state."

Purposeful availment is satisfied when (1) the defendant committed an intentional act, (2) that was expressly aimed at the forum state and (3) that act caused harm defendant knew was likely to be suffered in the forum state. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc. 874 F3d 1064, 1069 (9th Cir. 2017).*

Moreover**, if a non-resident defendant commits liability producing acts while physically present in the forum state, and the lawsuit arises out of such acts committed in the forum state, courts have generally found this to be a sufficient contact to establish personal jurisdiction**. *See Lundgren v. Sup.Ct. 111 CA3d 477, 484, 168 CR 717, 720 (1980).* Courts have also found that purposeful availment exists where the defendant entered into an ongoing business relationship with a local resident and his company, and made multiple trips and phone calls to the forum state in furtherance of that relationship. *See Latshaw v. Johnston 167 F3d 208, 213 (5th Cir. 1999).*

### Palmersheim's Bad Acts Were Perpetrated in Santa Ana, California

Here, all of the allegations in the Complaint arise out of and relate to defendant Palmersheim's activities in Santa Ana, California while he resided and was employed by the Plaintiff in California and had an ongoing business relationship with a local resident. Further, Defendant Palmersheim's conduct in California was deliberate and intentional. Defendant Palmersheim also knew that his actions would cause harm to Plaintiff and, more specifically, that Plaintiff would suffer harm in California. (*See* Complaint at ¶¶ 35-44). Moreover, all of the evidence and the witnesses of Defendant Palmersheim's bad acts are located in California, where Plaintiff KTI is a resident and has its principal place of business.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

As such, the minimum contacts test has been met and this Court has personal jurisdiction over Defendant Palmersheim.

## B. Venue is Proper in California

28 U.S.C.A. § 1391 sets the rules regarding proper venue and establishes that a civil action may me brought "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred […]." Here, all of the activities giving rise to the claims in the Complaint occurred in Santa Ana, Orange County California while Defendant Palmersheim was a resident of California, County of Orange. As such, venue is proper in California.

## C. The Complaint Meets the Legal Standard to Survive a 12(b)(6) Motion to Dismiss

### 1. Legal Standard

In general, "to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, Fed R. Civ. P. 8(a), and give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, *550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)* (internal quotations omitted.) It is well established that when ruling on a motion to dismiss, "the court will consider whether the complaint alleges sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, *556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)* (internal quotations omitted.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009.)*

3

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

In evaluating a motion to dismiss, the "court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Off. Depot, Inc., 945 F.3d 1106 (9th Cir. 2019).* In ruling on a motion to dismiss, the court may generally consider only "the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1051 (9th Cir. 2014).* "In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co., 648 f3d 98, 104 (2nd Cir. 2011).* In general, motions to dismissed should be viewed with "disfavor and are to be granted rarely." *Gilligan v. Jamco Dec. Corp., 108 F.3d 246, 249 (9th Cir. 1997)* (internal citation omitted).

**Notice Pleading Standard**

In sum, to survive a motion to dismiss, a complaint must meet the well-established "notice pleading" standard, *i.e.* the complaint must set forth sufficient fact to put defendants on notice of what claims are being asserted against them, and the court must evaluate whether the claims asserted in the complaint are plausible on their face if all well-pleaded allegations of material facts were true and construed in the light most favorable to the non-moving party. *See Great Minds v. Off. Depot, Inc., 945 F.3d 1106 (9th Cir. 2019); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).*

As set forth below, Plaintiff's Complaint meets the standard to survive Defendants' Motion.

**2. The Complaint Sufficiently Pleads a Claim for Trade Secret Misappropriation Against Defendant Palmersheim**

In order to state a claim for trade secret misappropriation under 18 U.S.C. § 1836 and California Civil Code § 3426, a plaintiff must allege the following 3 elements:

4

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

(1) the plaintiff owned a trade secret;

(2) the defendant acquired, disclosed, or used the plaintiff's trade secret; and

(3) that the defendant's actions damaged the plaintiff."

See *Abba Rubber Co. v. Seaquist*, 235 Cal. App. 3d 1, 18, 286 Cal. Rptr. 518 (1991); see also *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.,* 873 F. Supp. 2d 1192, 1212 (N.D. Cal. 2012) (citing Cal. Civ. Code § 3426.1(d)) *"a plaintiff must show that (1) the information is not "readily ascertainable through proper means," (2) the information "derives independent economic value," and (3) the plaintiff took "reasonable measures to keep such information secret.").*

Here the Complaint alleges as follows:

(1) That at all relevant times, Plaintiff KTI was the owner and possessor of information constituting trade secrets, and Plaintiff KTI derives independent economic value from that information, and such information is not generally known nor readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use […] (See **Complaint ¶56**).

(2) That Plaintiff KTI has taken reasonable measures to keep such information secret and confidential, including by, among other things, limiting access to such Confidential Information, and requiring employees, including former employee Defendant Palmersheim, to sign a Confidentiality Agreements, implementing employment policies that required confidentiality, and limiting computerized access. (See **Complaint ¶ 59**).

(3) That Defendant Palmersheim was provided access to aforesaid trade secrets and other confidential/proprietary information as part of Defendant Palmersheim's executive level position and role with Plaintiff KTI. (See **Complaint ¶ 60**).

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

(4)     That Defendant Palmersheim misappropriated such trade secrets and other confidential/proprietary information of Plaintiff KTI by improperly disclosing, using and transferring such information to and between himself, others employed at Defendant MTE, and existing and prospective customers of Plaintiff KTI, to be utilized for Defendant Palmersheim's personal benefit and the benefit of Defendant MTE. (See **Complaint ¶ 61**).

(5)     That as a direct and proximate result of the misappropriation of Plaintiff KTI's trade secrets and other confidential/proprietary information by Defendant Palmersheim, and Plaintiff KTI has been damaged in an amount to be proven at trial, but in an amount not less than $30,000,000.00. (See **Complaint ¶ 63**).

The above allegations satisfy the 3 requirements to plead a cause of action for trade secret misappropriation.

With regards to the specific allegations identifying the trade secrets, the plaintiff "should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade." *See Imax Corp. v. Cinema Techs., Inc.,* 152 F.3d 1161, 1164-65 (9th Cir. 1998). *See also AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1144 (N.D. Cal. 2019) "plaintiff need not spell out the details of the trade secret," but must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." (citation omitted).

Courts have often discussed whether a complaint identifies the trade secret with sufficient particularity. *See Cherokee Chemical Co., Inc. v. Frazier*, No. CV 20-1757-MWF (ASx), 2020 WL 8410432, at *4 (C.D. Cal. Dec. 14, 2020)*. Defendants rely on the decision

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

in *Vendavo, Inc. v. Price f(x) AG*, where the Northern District Court found that the plaintiff failed to allege its trade secret claim where the complaint stated that defendant misappropriated:

"source code, customer lists and customer related information, pricing information, vendor lists and related information, marketing plans and strategic business development initiatives, 'negative knowhow' learned through the course of research and development, and other information related to the development of its price-optimization software, including ideas and plans for product enhancement."

*See Cherokee Chemical Co., Inc. v. Frazier* citing *Vendavo, Inc. v. Price f(x) AG, No. 17-cv-06930-RS, 2018 WL 1456697, at \*3-4 (N.D. Cal. Mar. 23, 2018).*

However, two years later, the Northern District reached an opposite conclusion in 2020, when it declined to follow the decision in *Vendavo* and found that plaintiff's complaint had sufficiently identified the trade secrets at issue in stating:

"Plaintiffs maintain confidential information about their clients in their files and databases. This information is not only a list of potential clients, but a compilation of price information about proven clients that often includes each client's name, address, telephone number, contact person and private email address. Plaintiffs' database contains client information that Plaintiffs have gathered over the entire history of their operations, which span not only many years but hundreds of thousands of hours of research, including prior order/pricing information. Many of the clients are regular and frequent consumers of Plaintiffs' services and have been so for years."

See *Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 77 (N.D. Cal. 2020).

7

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The *Cherokee Chemical* case in the Central District followed the Northern District Court's reasoning in *Navigation Holdings* and stated that the complaint sufficiently identified plaintiff's trade secrets by listing specific, non-public information unique to plaintiff's business including "the contact information for its customers, the past pricing information for at least one of its customers, the unique requirements and chemical formulas of its customers, and the prices it negotiates with its vendors." *See Cherokee Chemical Co., Inc. v. Frazier* at *4. *See also Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1077 (N.D. Cal. 2016) ("Customer information **such as sales history and customer needs and preferences** constitute trade secrets.").

Here, Plaintiff's Complaint alleges as follows:

(1)    Defendant Palmersheim had printed and gathered various documents and information constituting KTI's Confidential Information, including without limitation price lists and parts lists, the pricing and specification information for the over 3500 different KTI hydraulic product models and variations available**, including the preferred and tailored product variants and specifications for each KTI customer** […]. (See **Complaint ¶ 38**).

(2)    That such trade secret information includes, but is not limited to, Plaintiff KTI product designs and specifications, customer/distributor contact information lists, **specific customer pricing and customer preferences for numerous KTI products**, KTI supplier information, cost figures, proprietary information relating to KTI's product, including but not limited to KTI's Hydraulic Circuit 115, which embodies Plaintiff KTI's '599 Patent and '765 Patent, business plans, manufacturing know-how, business negotiations, market information, product information, quality standards, financial and cost information, pricing information, pricing sheets, sales and marketing strategies, scientific and technical information, information relating to existing and prospective customers and competitors, sales meeting strategies,

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

intellectual property strategies, and other proprietary information of Plaintiff KTI (i.e., Plaintiff KTI's "Confidential Information"). (See **Complaint ¶ 57**).

The identification of trade secrets in the above-referenced paragraphs of Plaintiff's Complaint resembles that in the *Navigation Holdings* and *Cherokee Chemical* cases (see above). Thus, Plaintiff's Complaint sufficiently identifies Plaintiff's trade secrets and, moreover, establishes that the confidential information misappropriated by Defendant Palmersheim was proprietary information of Plaintiff KTI, which had economic value for Plaintiff KTI, and which was not available to the public because Plaintiff KTI took reasonable steps to maintain confidential. Moreover, Plaintiff KTI has suffered damages as a direct result of Defendant Palmersheim's disclosure of Plaintiff KTI's confidential information.

As such, Plaintiff has met its burden to state a claim for trade secret misappropriation, and Defendants' Motion should therefore be denied.

### 3. The Complaint Sufficiently Pleads a Claim for Intentional Interference with Prospective Economic Advantage Against Defendant Palmersheim

In order to state a claim for intentional interference with prospective economic advantage, a plaintiff must show: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional wrongful acts on the defendant's part designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's acts." *See Korea Supply Co. v. Lockheed Martin Corp.*, *29 Cal. 4th 1134, 1138, 63 P.3d 937 (2003).*

California law has long recognized that the core of intentional interference business torts is interference with an economic relationship by a third-party stranger to that relationship, so that an entity with a direct interest or involvement in that relationship is not usually liable for harm caused by pursuit of its interests. *See Nat'l Rural*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1069 (C.D. Cal. 2003), *on reconsideration in part (June 5, 2003)*. The threshold test for determining whether a defendant is not a stranger to an economic relationship, and thus cannot be liable for tortious interference, <u>is whether such defendant has a direct interest or involvement in that relationship</u>. *Id. at* 1070.

Plaintiff KTI's Complaint alleges that:

(1)      Plaintiff KTI had a reasonable business expectancy and ongoing relationships with its customers/distributors and had a reasonable expectation in engaging in business with, and in earning profits in connection with sales to its existing customers/distributors,      new      customers/distributors,      and      potential customers/distributors. (*See* **Complaint at ¶ 68**).

(2)      Defendant Palmersheim were aware of, or at least had reason to know of, the existence of Plaintiff KTI's reasonable business expectancy and ongoing relationships with such customers/distributors, and willfully and intentionally interfered with such ongoing business and economic relationships. (*See* **Complaint at ¶ 69**).

(3)      Defendant Palmersheim engaged and continue to engage in such actions to disrupt   and   intercept   the   relationships   between   Plaintiff   KTI   and   its customers/distributors and potential customers/distributors, and to convert such customers and potential customers from Plaintiff KTI to Defendant MTE for the benefit of Defendant Palmersheim and Defendant MTE. (*See* **Complaint at ¶ 70**).

(4)      as a foreseeable, direct and proximate result of the wrongful actions of Defendant Palmersheim, Plaintiff KTI has suffered damages, including without

10

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

limitation the loss of business and the prospect of losing additional business, as well as damage to its reputation and goodwill. (*See* **Complaint at ¶ 71**).

(5)    as a direct and proximate result of such wrongful actions by Defendant Palmersheim, Plaintiff KTI has been damaged in an amount to be proven at trial, but in an amount not less than $30,000,000.00, (*See* Complaint at ¶ 72).

It follows that Plaintiff sufficiently pled a cause of action for intentional interference with prospective economic advantage, and Defendants' Motion should therefore be denied

## 4. The Complaint Sufficiently Pleads a Claim for Breach of Fiduciary Duty Against Defendant Palmersheim

In order to state a claim for breach of fiduciary duty, a plaintiff must plead the:(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach. *See Gutierrez v. Girardi*, *194 Cal. App. 4th 925, 125 Cal. Rptr. 3d 210 (2011).*

Defendants' argument that no fiduciary duty can exist between an employer and its employee is incorrect and flawed under several aspects. First, in the context of a business relationship, a fiduciary duty arises when "**one party places, and the other accepts, a special trust and confidence, usually involving the exercise of professional expertise and discretion** […]." *See United States v. Milovanovic, 678 F.3d 713 (9th Cir. 2012)*, as amended (May 22, 2012).

Firstly, as clearly stated in the Complaint, Defendant Palmersheim held a high-level position with Plaintiff KTI, which entailed the exercise of professional expertise and discretion. (*See* **Complaint ¶ 60**). In fact, despite Defendants' mischaracterization of Defendant Palmersheim as a mere employee, Defendant Palmersheim held the role of Director of Sales, Engineering and Marketing at Plaintiff KTI, which is considered the third highest position among 50+ employees in Plaintiff KTI's organization chart. As a result of such position, Plaintiff KTI entrusted and Defendant Palmersheim accepted Plaintiff KTI's

11

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

confidential information. Such confidential information was not accessible to all of KTI's employees and Defendant Palmersheim was granted access to such information in relation to his executive management level position as Director of Sales, Marketing and Engineering. (*See* **Complaint ¶¶ 32-34, 82**). Thus, a fiduciary relationship existed between Plaintiff KTI and Defendant Palmersheim.

Secondly, a fiduciary duty includes, among others a duty of loyalty and under California law, "for purposes of claim for breach of duty of loyalty, during the term of employment, **an employer is entitled to its employees' undivided loyalty**. *See Stokes v. Dole Nut Co., 41* Cal. App. 4th 285, 48 Cal. Rptr. 2d 673 (1995) citing West's Ann.Cal.Labor Code § 2922 See *Erhart v. BofI Holding, Inc.*, 387 F. Supp. 3d 1046 (S.D. Cal. 2019).* Such fiduciary duty is breached when an "employee takes action which is inimical to the best interests of employer." Id. See also Pierce v. Lyman 1 Cal.App.4th 1093, 1101, 3 Cal.Rptr.2d 236 (1991) discussing elements of breach of fiduciary duty and duty of loyalty.

As the Complaint alleges, **prior to his last day of employment at KTI and after accepting an employment offer from Plaintiff KTI's direct competitor,** Defendant Palmersheim "had printed and gathered various documents and information constituting KTI's Confidential Information […] **including the preferred and tailored product variants and specifications for each KTI customer, intending to utilize such proprietary information to his advantage as part of his new employment and job duties with Defendant MTE."** (*See* **Complaint ¶ 38**). Such actions, while Defendant Palmersheim **was still employed by Plaintiff KTI** are clearly contrary to Plaintiff KTI's best interest, and as such are a <u>clear breach of the duty of loyalty as established under California law.</u>

Based on the foregoing, the Complaint (DKT. 1) sets forth sufficient facts to establish that Defendant Palmersheim was in a fiduciary relationship with Plaintiff KTI and, moreover, that Defendant Palmersheim breached such duty by misappropriating Plaintiff's trade secrets and improperly disclosing, using and transferring such information to and

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

between himself, others employed at Defendant MTE, and existing and prospective customers of Plaintiff KTI, to be utilized for Defendant Palmersheim's personal benefit and against Plaintiff KTI's interest (*See* **Complaint at ¶¶ 61, 83**). As a direct and proximate result of Defendant Palmersheim's conduct, Plaintiff KTI suffered damages (*See* **Complaint ¶ 85**).

Based on the foregoing, Plaintiff sufficiently pled a cause of action for breach of fiduciary duty and Defendants' Motion should therefore be denied.

### 5. The Complaint Sufficiently Pleads a Claim for Breach of Confidentiality Agreement Against Defendant Palmersheim

The elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. *See* <u>*Oasis W. Realty, LLC v. Goldman*</u>, *51 Cal. 4th 811, 250 P.3d 1115 (2011)*. As set forth in the Complaint, on September 2, 2014, Defendant Palmersheim executed a KTI Employee Confidential Information Agreement (hereinafter, "Confidentiality Agreement") promising, among other things, not to use or divulge KTI confidential information at any time during or after his employment period, including information of a technical or business nature. (*See* **Complaint at ¶¶ 30, 74**, and at **Exhibit "3"**). The Complaint further alleges that Defendant Palmersheim breached the Confidentiality Agreement by misappropriating Plaintiff KTI's trade secrets and that as a result of such breach Plaintiff KTI suffered damages in an amount to be proven at trial but no less than $30,000,000.00 (*See* **Complaint at ¶¶ 76-78**).

In their Motion, Defendants attempt to argue that the Confidentiality Agreement is void and therefore no breach of such agreement can exist. As set forth below, this argument fails for several reasons.

\ \ \

\ \ \

\ \ \

13

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

### a.    <u>The Confidentiality Agreement is Not a Noncompete Agreement</u>

First and foremost, Defendants mischaracterize the nature of Confidentiality Agreement by incorrectly referring to it as a "noncompete agreement." This mischaracterization is completely misleading as the Confidentiality Agreement's primary purpose was to protect Plaintiff's confidential information and, in fact the agreement is appropriately titled **"Employee Confidential Information Agreement"** (*See* Complaint at **Exhibit "3"**). Moreover, the Confidentiality Agreement only contains one section, Section 5, which references limitations on competition after the employees' termination of employment and, most importantly such limitation is <u>limited in scope wherein</u> "the loyal and complete fulfillment of the duties of the competitive employment or activity **would call upon Employee to reveal, make judgments on or otherwise use any confidential business information or trade secrets of [KTI]."** (*See* Complaint at **Exhibit "3"** Section 5). It follows, that even the limitation on competition included in Section 5 **was intended for the sole purpose to protect Plaintiff KTI's confidential information,** and not for the purpose of limiting competition, as Defendants incorrectly state.

As further evidence that the Confidentiality Agreement is not a noncompete agreement, <u>both Sections 3 and 4 of the Confidentiality Agreement address deal with the protection and non-disclosure of Plaintiff's confidential information.</u> (*See* Complaint at **Exhibit "3"** Sections 3 and 4). Thus, regardless of Defendants' mischaracterization, <u>the plain language of the Confidentiality Agreement clearly shows that the **primary purpose of the Confidentiality Agreement is to protect Plaintiff KTI's confidential information**</u>, and the agreement is therefore valid under California law.

Lastly, even if the Court were inclined to deem portions of the Confidentiality Agreement as void and unenforceable, Section 10 of the Confidentiality Agreement titled "Severability" specifically states:

14

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**"the invalidity or unenforceability of any provision of this Agreement […] shall not affect the validity or enforceability of any of the other provisions of this Agreement […]"** (*See* Complaint at **Exhibit "3"** Section 10).

Therefore, even if the Court were inclined to deem Section 5 of the Confidentiality Agreement as non-enforceable, this portion should be severed and the remaining provisions in the Confidentiality Agreement should remain valid.

Based on the foregoing, the Confidentiality Agreement should be considered valid and enforceable insofar as its provisions are aimed at protecting Plaintiff KTI's confidential information. It follows that Defendant Palmersheim's misappropriation of Plaintiff KTI's trade secrets goes to the heart of the breach of the Confidentiality Agreement. As such Plaintiff has met its burden in pleading a claim for breach of contract and Defendants' Motion should be denied.

**6. The Complaint Sufficiently Pleads a Claim for Unfair Competition Against Defendant Palmersheim**

California's unfair competition law is broad, allowing claims for "unlawful, unfair or fraudulent" business practices. *See Feitelberg v. Credit Suisse First Boston, LLC, 134 Cal.App.4th at p. 1009, 36 Cal.Rptr.3d 592. See also* Cal. Bus. & Prof. Code, § 17200).

Under the "unlawful" prong, the Unfair Competition Law incorporates other laws and treats violations of those laws as unlawful business practices which are independently actionable under state law. *See Chabner v. United Omaha Life Ins. Co., 225 F.3d at 1048 (9th Cir. 2000).* A violation of almost any federal, state or local law may serve as the basis for an "unlawful" Unfair Competition Law claim. *See Saunders v. Superior Court, 27 Cal.App.4th 832, 838–39, 33 Cal.Rptr.2d 438 (1994).* "To state a cause of action based on an unlawful business act or practice under the Unfair Competition Law, a plaintiff must allege facts sufficient to show a violation of some underlying law." *See Beaver v. Tarsadia Hotels, 29 F. Supp. 3d 1294, 1303 (S.D. Cal. 2014), aff'd, 816 F.3d 1170 (9th Cir. 2016)*

15

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

citing *Prakashpalan v. Engstrom, Lipscomb and Lack* 223 Cal.App.4th 1105, 1133, 167 Cal.Rptr.3d 832 (2014).

Here, the Complaint alleges, among others, that Defendant Palmersheim misappropriated Plaintiff's trade secrets, breached the Confidentiality Agreement with Plaintiff KTI, and intentionally interfered with Plaintiff KTI's prospective economic relations. Moreover, the Complaint states that Defendant Palmersheim unlawfully used Plaintiff KTI's trade secrets to "offer lower pricing by Defendant MTE on a variety of hydraulic units and components in an attempt to divert Plaintiff KTI's dump trailer customers and business to Defendant MTE." (*See* Complaint at ¶ 39). Additionally, the Complaint alleges that Defendant Palmersheim continues to engage in unfair, unethical and illegal business practices, to the harm and detriment of Plaintiff KTI. (*See* Complaint at ¶115).

The Complaint further alleges that as a direct and proximate result of Defendant Palmersheim's conduct, Plaintiff KTI has suffered irreparable harm including to its business reputation, goodwill and stature, for which there is no adequate remedy at law, thereby justifying injunctive relief. (*See* Complaint ¶¶ 116-118).

Based on the foregoing, Plaintiff KTI's has met its burden in pleading a claim for unfair competition and Defendants' Motion should be denied.

## III.   REQUEST FOR LEAVE TO AMEND

Should the Court be inclined to grant the Defendants' Motion in part or in whole, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend its Complaint.

Fed. R. Civ. P 15(a)(2) provides that leave to amend should be freely granted when justice so requires. Accordingly, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992)* (internal citations

16

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

omitted). As such, Plaintiff respectfully requests that should the Court grant Defendants' Motion, Plaintiff be granted leave to amend the Complaint.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion in its entirety or, in the alternative, that the Court grant Plaintiff leave to amend the Complaint.

Respectfully submitted,

**WU & REDDY, A PROF. CORP.**

Dated: July 22, 2022

By:    /s/ Charles C.H. Wu
    Charles C.H. Wu, Esq.
    Vikram M. Reddy, Esq.
    Elena N. Sandell, Esq.
Attorneys for Plaintiff K.T.I. Hydraulics, Inc., a.k.a. KTI Hydraulics Inc.

17

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF filing system.

Dated this 22nd day of July, 2022.        /s/ Charles C.H. Wu
                                          Charles C.H. Wu

18

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**