**VEDDER PRICE (CA), LLP**
Michael Quinn, Bar No. 198349
mquinn@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

Attorneys for Defendant
GERARD M. PALMERSHEIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.T.I HYDRAULICS, INC., A.K.A. KTI HYDRAULICS INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GERARD M. PALMERSHEIM, A.K.A. JERRY PALMERSHEIM, an individual; MECHANICAL TOOL & ENGINEERING CO., an Illinois corporation, D.B.A. and A.K.A. MTE HYDRAULICS, D.B.A. and A.K.A. MTE HYDRAULICS INC.; GREGORY STAFFORD NORDLOF, A.K.A. GREG NORDLOF, an individual and president of MECHANICAL TOOL & ENGINEERING CO., DAVID E. PETERSON, A.K.A. DAVID N. PETERSON, an individual; RICHARD THURMAN, A.K.A. RICH THURMAN, A.K.A. RICHARD J. THURMAN, A.K.A. RICH J. THURMAN, A.K.A. RICHARD N. THURMAN, A.K.A. RICH N. | Case No. 8:22-cv-00110-JLS-JDE<br><br>**DEFENDANT GERARD M. PALMERSHEIM'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**Date:  August 12, 2022**<br>**Time:  10:30 a.m.**<br>**Place:  350 West First Street**<br>**        Courtroom 8A**<br>**        Los Angeles, CA 90012**<br><br><br>Complaint filed: January 21, 2022 |

VP/#57317941.2

THURMAN, an individual; and DOES 1 through 10, inclusive,

Defendants.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF MOTION TO DISMISS

VP/#57317941.2

## I.    **INTRODUCTION**

The landscape of Plaintiff KTI Hydraulic, Inc.'s ("KTI" or "Plaintiff") Complaint has changed significantly since its filing.  After Defendants Mechanical Tool & Engineering Co., an Illinois Corporation "MTE"), Gregory Nordlof ("Nordlof"), Jerry Palmersheim ("Palmersheim"), David Peterson ("Peterson") and Richard Thurman ("Thurman") (collectively, Defendants") filed their motion to dismiss on March 18, 2022, arguing that Supreme Court precedent dictated KTI's patent claims could only proceed in Illinois, KTI dismissed its threadbare patent claims in their entirety.

Likewise, when presented with the black letter law that this Court lacked personal jurisdiction over the Defendants, KTI was also persuaded to dismiss **all** Defendants from this case except for Palmersheim, over whom this Court lacks both general and specific personal jurisdiction.  Indeed, KTI has failed to meet its burden to show jurisdiction is proper in California because it has failed to proffer a single allegation or piece of evidence that would confer jurisdiction over Palmersheim, an individual who is domiciled in Wisconsin.

In the midst of all of this change, one constant remains—KTI's Complaint runs afoul of black letter law in multiple respects.  Namely, KTI's Complaint, bereft of supporting facts, is the bald attempt of a former employer to restrain its former employee Palmersheim from lawfully working in the hydraulics industry.  To do so, KTI attempts to enforce an unenforceable non-compete which, if enforced, would effectively quell Palmersheim's ability to work for a competitor for an entire year.  This type of non-compete is against California public policy and KTI's agreement with Palmersheim, conditioned upon these illegal conditions, should be voided.

KTI's other purported claims simply fail under applicable law, from failing to plead requisite elements, to attempting to plead claims for which KTI has no standing, this Complaint does not state a single valid claim against Palmersheim.  The flimsiness of the Complaint is underscored by the fact that most of KTI's allegations

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF MOTION TO DISMISS

VP/#57317941.2

are made upon information and belief. KTI went on a fishing expedition against Palmersheim, his new employer, and coworkers on nothing more than mere suspicion and sour grapes. The Complaint should be dismissed, and Palmersheim left to pursue his career in peace as California law allows him to do.

## II. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

After Palmersheim moved to dismiss for lack of personal jurisdiction, the burden shifted to Plaintiff KTI to demonstrate that the Court has jurisdiction over the defendant. See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128–29 (9th Cir. 2003). KTI has not met its burden.

First, KTI's Opposition (the "Opposition") does not attempt to argue that this Court has general personal jurisdiction over Palmersheim. Nor could it when Palmersheim is domiciled in Wisconsin and has been during the duration of this litigation. Compl. ¶ 2; Palmersheim Decl., ¶4. See Daimler AG v. Bauman, 571 U.S. 117, 137, (2014). It would be improper for this Court to subject Palmersheim to its general jurisdiction, and Plaintiff does not (and cannot) assert otherwise.

Second, Plaintiff has also failed to establish that this Court has specific personal jurisdiction over Palmersheim. The analysis for specific jurisdiction differs for claims sounding in tort and claims sounding in contract. Ziegler v. Indian River Cty., 64 F.3d 470, 473 (9th Cir. 1995); See, e.g., Doe v. Unocal Corp., 248 F.3d 915, 924 (9th Cir. 2001). The fact that a defendant entered into a contract in California is insufficient to show that he has purposefully availed himself of California's benefits. Gray & Co. v. Firstenberg Machinery Co., Inc. (9th Cir. 1990) 913 F2d 758, 760; see also Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008) ("As the Supreme Court has expressly cautioned, a contract alone does not automatically establish minimum contacts in the plaintiff's home forum.") Rather, to proceed in California under a contract theory, Plaintiff bears the burden to establish that Palmersheim purposefully availed himself of the privilege of conducting activities in California

and that the claims in this case arose out of or resulted from Palmersheim's California activities. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

The Opposition does not argue there is specific jurisdiction over KTI's contract claims. KTI only cites to Paragraphs 35-44 of the Complaint to support its argument that Palmersheim's acts were committed in California. However, these paragraphs do not mention any activities Palmersheim is alleged to have conducted in California, *or even mention California* for that matter. The only location mentioned in the cited paragraphs is Rockford, Illinois. Compl., ¶35. And, these allegations are couched with vague temporal language alleging that Palmersheim undertook certain acts either "prior to and/or upon" becoming an MTE employee in Rockford Illinois. *Id.*, ¶¶39-42. Thus, KTI's own Complaint undermines any argument that Palmersheim purposefully availed himself of California where the alleged acts for which it seeks to impose liability could have happened in Illinois *or* California.

Plaintiff fares no better on meeting its burden for its claims sounding in tort. For tort claims, KTI must show Palmersheim purposefully <u>directed</u> his actions at the forum state, which means it must show Palmersheim (1) committed an intentional act, (2) expressly aimed at California, (3) causing harm that the he knew was likely to be suffered in California. Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017). The Opposition and Complaint are silent as to any intentional acts aimed at California that Palmersheim knew was likely to cause harm in California. As mentioned above, the only "proof" Plaintiff has proffered as to jurisdiction is Paragraphs 35-44 of the Complaint which *do not mention California*. While KTI has *mentioned* the appropriate test, it has failed to cite to a single paragraph in its Complaint or submit any evidence to meet that test. The Fifth Circuit, nonprecedential case law cited by KTI only proves Palmersheim's point that there are insufficient allegations to confer jurisdiction. Indeed, Latshaw speaks to a Texas court conferring jurisdiction over a defendant where he made multiple trips to

Texas, facts which are not pleaded or proven here. See Latshaw v. Johnston, 167 F.3d 208, 212 (5th Cir. 1999).  KTI has not met its burden and this Complaint should be dismissed.[1]

## III.   THE FIRST-FOURTH AND SEVENTH COUNTS OF THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(B)(6)

### A.   The Complaint Does Not State A Claim Under the DTSA

The Opposition does not and cannot remedy the Complaint's failure to sufficiently plead a claim under the Defend Trade Secrets Act ("DTSA") because the Complaint does not specify the subject matter of the "trade secrets" at issue with sufficient particularity.  Agile Sourcing Partners, Inc. v. Dempsey, No. EDCV21773JGBSPX, 2021 WL 4860693, at *6 (C.D. Cal. July 15, 2021) (citing Alta Devices, Inc. v. LG Elecs., Inc., 343 F. Supp. 3d 868, 881 (N.D. Cal. 2018).

Plaintiff's Opposition failed to address controlling case law that dictates Plaintiff's *limitless* list of "trade secret information" alleged to be at issue in Paragraph 57 (which alleges the information taken "includes, but is not limited to") renders KTI's trade secret claim dead on arrival. Central District of California precedent is clear: such a list of supposed "trade secrets" *without limitation*, necessarily cannot state a claim under the DTSA, which requires pleading the specifics of what trade secrets are at issue, not an infinite list of what could have been taken that could be a trade secret.  See Invisible Dot, Inc. v. DeDecker, No. 2:18-cv-08168-RGK-RAO, 2019 WL 1718621, at *6 (C.D. Cal. Feb. 6, 2019) ("Plaintiff's laundry list of possible trade secrets—a list that is, by its own admission, without limitation—encompasses far more than its IP."); see also Emazing Lights LLC v. De Oca, No. SACV-15-1561 (AG) (Ex), 2016 WL 3658945, at *2 (C.D. Cal. Jan. 7,

[1] To the extent the Court is persuaded that KTI has met its burden, Palmersheim relies on his showing in the moving papers that establishes that the exercise of personal jurisdiction over Palmersheim would be unreasonable. See Motion 7-9.  KTI seems to concede this point as the Opposition does not even address it.

2016) (finding that when the definition of trade secrets "'include[s], but [is] not limited to,' the enumerated items . . . [a]ny piece of information could potentially be labeled a trade secret," and granting defendant's motion to dismiss on that basis). Plaintiff's claim should be dismissed on this basis alone.

Further, Plaintiff's descriptions of what it alleges to be trade secrets are fatally unspecific. Plaintiff argues that this Court should consider the allegations of the Complaint to be more like those in the case Cherokee Chem. Co. v. Frazier, No. CV 20-1757-MWF (ASX), 2020 WL 8410432, at *4 (C.D. Cal. Dec. 14, 2020) than akin to those in Vendavo, Inc. v. Price f(x) AG, No. 17-cv-06930-RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018), upon which Palmersheim relies. However, Plaintiff's Complaint lacks the specificity of the pleading at issue in Cherokee Chem. Co., which made precise allegations about trade secrets with regard to a certain customer of the Plaintiff. Cherokee Chem. Co., 2020 WL 8410432, at *3. KTI's Complaint is much more vague, failing to include a single specific name of any trade secret (including by failing to list any specific customer-related information) taken, rather using generic terms to describe the information that more closely tracks the pleading in the Vendavo case. In Vendavo, as here, the Plaintiff set out "purported trade secrets in broad, categorical terms, more descriptive of the types of information that generally may qualify as protectable trade secrets than as any kind of listing of particular trade secrets Vendavo has a basis to believe actually were misappropriated here." Vendavo, Inc., 2018 WL 1456697, at *4. Here, KTI simply lists *categories* of information, not actual trade secrets. These categories are too vague to state a claim—KTI must do more than simply allege Palmersheim took "market information, product information, pricing sheets, quality standards" etc. Which quality standards were taken? Which "product information" was taken? KTI does not say, and this pleading does not give fair notice to Palmersheim to inform him how KTI alleges he violated the DTSA. Additionally, elsewhere, KTI has characterized this same information as confidential information and *not necessarily*

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57317941.2

*trade secrets* which further undermines the merits of the argument that the items purportedly taken qualify for trade secret protection.  Compl., ¶¶32, 38.

**B.    The Complaint Does Not State A Claim For Intentional Interference With Prospective Economic Advantage**

With regard to its intentional interference claim, Plaintiff's defense of its pleading is to simply restate the elements it *has* plead, rather than to address the element it failed to plead.  Opp. 10:7-11:8.  California law is once again, clear, and ignored by Plaintiff.  To state a claim for intentional interference with prospective economic advantage, "a plaintiff must plead that the defendant engaged in an act that is wrongful apart from the interference itself." *Id. Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153(2003).  Plaintiff has not plead any independently wrongful act, nor does the Opposition assert that it has.  This claim should be dismissed under California law.

**C.    The Complaint Does Not State A Claim For Breach Of Fiduciary Duty**

In attempting to salvage its breach of fiduciary duty claim, KTI argues that Palmersheim, as an employee, owed KTI a duty of loyalty.  Opp. 12:6-24.  This is, of course, a separate tort than a breach of fiduciary duty.  Indeed, the case law cited by Plaintiff discusses a breach of the duty of loyalty and not a breach of fiduciary duty.  See Erhart v. BofI Holding, Inc., 387 F. Supp. 3d 1046, 1055 (S.D. Cal. 2019).

KTI's breach of fiduciary duty claim fails because it has not pleaded the existence of a fiduciary duty running from Palmersheim to KTI, nor could it.  KTI's Opposition attempts to argue, using facts outside of the pleading, that Palmersheim's former place on the organization chart of KTI makes him a fiduciary of KTI.  Opp. 11:25-27.  Of course, KTI cannot resurrect its claim with facts outside of the pleadings.  And, even if it could, an employee's place on an org chart is not determinative of this issue.  "There is no confidential or fiduciary relationship in the [employment contract] context." Calvao v. Superior Ct., 201 Cal. App. 3d 921, 923

(Ct. App. 1988).  This comports with the general rule that fiduciary relationships do not arise from a contractual relationship. See Zumbrun v. Univ. of S. California, 25 Cal. App. 3d 1, 13 (Ct. App. 1972) ([T]here is not a fiduciary relation between the promisor or promisee and the beneficiary of a contract.") (citations omitted).

The Opposition argues that Palmersheim mischaracterized himself as a mere "employee."  Opp. 11:24-25.  However, it is KTI's pleading that characterizes Palmersheim as an employee repeatedly and pervasively throughout the Complaint. See Complaint ("he was an employee of Plaintiff KTI" (¶2); "while he was an employee" (¶14); Palmersheim "commenced employment" (¶28); "during employment" (¶28); "during or after his employment period" (Id., ¶30); "[d]uring his approximate six-year employment at Plaintiff KTI (¶32); "[d]uring his approximate six-year employment at Plaintiff KTI (¶34); "prior to his last day of employment at KTI" (¶35); "before his employment concluded at Plaintiff KTI" (¶37); "a few weeks before his employment concluded at Plaintiff KTI" (¶38); and "former employee Defendant Palmersheim" (¶59).  No fiduciary duty exists between an employee and employer, and this claim should be dismissed.

### D.  The Complaint Does Not State A Claim For Breach Of Contract

California law and public policy encourage employee mobility, which is why the legislature enacted Business and Professions Code Section 16600 which voids all contracts that restrains an employee from engaging in his or her lawful profession. See Edwards v. Arthur Andersen LLP, 44 Cal. 4th 937, 946 (2008). KTI's breach of contract claim is based on a contract, attached as Exhibit 3 to the Complaint.  Exhibit 3 contains numerous provisions that would limit Palmersheim's ability to work for a competing business, solicit customers, or solicit KTI employees for the 12 month period after leaving KTI.  Such provisions hampering Palmersheim's mobility are illegal under California law.  See Golden v. California Emergency Physicians Med. Grp., 896 F.3d 1018, 1024 (9th Cir. 2018) (invalidating a contract impeding a

doctor's ability to practice medicine, stating "it will be the rare contractual restraint whose effect is so insubstantial that it escapes scrutiny under section 16600.").

KTI's entire argument to defend its breach of contract claim is not that its "Confidential Information Agreement" does not violate California law—indeed KTI has not cited to a single case to argue that the agreement at issue is an enforceable agreement—but rather that Palmersheim should not call it a non-compete agreement. Courts enforcing California will void contracts that run afoul of Section 16600 regardless of what an employer calls the contract. *See id.* (invalidating a settlement agreement that violated Section 16600). KTI's attempts to restrain Palmersheim's trade are illegal, and it appears the only remaining question for the Court is whether to void the contract or sever the contract provision at issue. Pokorny v. Quixtar, Inc., 601 F.3d 987, 1005 (9th Cir. 2010) (citations omitted). "In exercising this discretion, courts look to whether the 'central purpose of the contract is tainted with illegality' or 'the illegality is collateral to [its] main purpose.'" Id.; see also Ortolani v. Freedom Mortg. Corp., No. EDCV 171462JGBKKX, 2017 WL 10518040, at *7 (C.D. Cal. Nov. 16, 2017) (refusing to sever agreement with several unenforceable clauses).

KTI argues only one section of the Noncompete Agreement restricts what Palmersheim could do after leaving KTI, and that two sections deal with the protection of KTI's confidential information. Opp. 14:7-9, 16-22. KTI argues that because there are two sections (i.e. more than the one unlawful restraint on trade) which address confidentiality, the primary purpose of the contract is to protect confidentiality.

However, it is disingenuous to argue that only *one provision* of the Noncompete Agreement would restrain Palmersheim's trade. There are **at least three** provisions which seek to place a one year restriction on Palmersheim's ability to work in the hydraulics field.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

8

REPLY IN SUPPORT OF MOTION TO DISMISS

VP/#57317941.2

-- Paragraph 5 of the Noncompete Agreement states that "[f]or one year following his termination of employment for any reason, Employee agrees not to undertake any employment or activity competitive with the company's business." Compl., Ex. 3, ¶5.

-- Paragraph 6 of the Noncompete Agreement specifies that "for a period of one year thereafter [the term], Employee agrees that he will not, directly or indirectly…" attempt to solicit customers. Id., ¶6.

-- Paragraph 8 of the Noncompete Agreement states that following the term of the agreement, "for a period of one year thereafter, Employee agrees that he will not, directly or indirectly" solicit any employees to terminate their employment with KTI. Id., ¶8.

Under KTI's proposed methodology for evaluating the purpose of the contract, there are three provisions that restrain trade, and two that protect confidentiality, and thus, the primary purpose of this Noncompete Agreement is to unlawfully restrain trade. Illegality is central to the purpose of the agreement, seeking to restrain Palmersheim in three respects of his work for a one-year period.

However, more compelling than KTI's metric of comparing enforceable to unenforceable provisions, is the fact that the Noncompete Agreement's entire functionality is premised in illegality. Indeed, KTI *conditioned* employment upon signing the Noncompete Agreement. This is also unlawful. An employer "cannot lawfully make the signing of an employment agreement, which contains an unenforceable covenant not to compete, a condition of [] employment." Edwards, 44 Cal. 4th at 950. The Noncompete Agreement's opening paragraph sets out the illegal purpose of the agreement stating "[i]n consideration of Employee's employment (or continued employment) by the Company, the parties agree…" to the multiple, unenforceable provisions restraining Palmersheim's trade. The Court should hold the entire Noncompete Agreement unenforceable.

### E.        The Complaint Does Not State A Claim For Unfair Competition

KTI's attempt at stating an unfair competition claim after dismissing its purported competitor is even more of a reach.  While KTI has attempted to argue that it is able to state a claim under the unlawful prong of Section 17200 against Palmersheim, it may not use its other insufficiently-pleaded claims (which this Court should dismiss) as the foundation of this derivative claim.

Further, KTI has not addressed the Motion's argument that KTI is not the intended beneficiary of Section 17200 which is primarily to protect *consumers* or competition.  As set forth in the Motion, KTI is not a consumer, and thus, may not avail itself of the fraudulent prong as it is not the class of persons whom the statute was designed to protect.  Watson Lab'ys, Inc. v. Rhone-Poulenc Rorer, Inc., 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001). ("[T]here is no case authority that 'fraudulent' business acts are separately actionable by business competitors absent a showing that the public, rather than merely the plaintiff, is likely to be deceived.")  KTI has completely abandoned its claims under the fraudulent or unfair prongs of the statute by failing to present any argument on these points.

## IV.      CONCLUSION

For the foregoing reasons, and those raised in the Motion, Palmersheim respectfully requests that the Court dismiss the Complaint in its entirety.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

10

VP/#57317941.2

Dated:        July 28, 2022                    VEDDER PRICE (CA), LLP


By: /s/ Michael Quinn
      Michael Quinn

Attorneys for Defendants
MECHANICAL TOOL &
ENGINEERING COMPANY,
GREGORY STAFFORD NORDLOF,
GERARD M. PALMERSHEIM,
DAVID E. PETERSON and
RICHARD THURMAN

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

11

VP/#57317941.2

REPLY IN SUPPORT OF MOTION TO DISMISS