UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                          Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

          V.R. Vallery                                            N/A
          Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

          Not Present                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING MOTION TO DISMISS
                  (Doc. 21)**

Before the Court is a Motion to Dismiss filed by, among others, Defendant Gerard M. Palmersheim.  (Mot., Doc. 21; Mem., Doc. 21-1.)[1]  Plaintiff K.T.I. Hydraulics, Inc. (Plaintiff or KTI) opposed, and Defendant replied.  (Opp., Doc. 30; Reply, Doc. 32.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for August 12, 2022, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); L.R. 7-15.  For the following reasons, the Court DENIES Defendant's Motion.

I.     **BACKGROUND**

KTI "is a corporation organized and operating under the laws of the State of California" and has its headquarters in Santa Ana, California.  (Compl. ¶¶ 1, 28, Doc. 1.)  Defendant Palmersheim was formerly employed at KTI's headquarters in Santa Ana,

---

[1] Defendants Mechanical Tool Engineering Co., Gregory Stafford Nordlof, David E. Peterson, and Richard Thurman were voluntarily dismissed by Plaintiff pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  (Doc. 29.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                              Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

California.  (*Id.* ¶ 28.)  Palmersheim currently resides in Wisconsin.  (Declaration of Gerard M. Palmersheim ¶ 4, Doc. 21-4.)

KTI manufacturers "hydraulic systems and related components . . . throughout several industries, including without limitation those designed for the dump trailer industry."  (Compl. ¶ 16, Doc. 1.)  On or about September 1, 2014, KTI hired Palmersheim as "Director of Sales, Marketing Engineering [sic]" at KTI's headquarters in Santa Ana.  (*Id.* ¶ 28.)  On or about September 2, 2014, Palmersheim "executed a KTI Employee Confidential Information Agreement ('Confidentiality Agreement') promising, among other things, not to use or divulge KTI confidential information at any time during or after his employment period."  (*Id.* ¶ 30, Ex. 3 (Employee Confidential Information Agreement), Doc. 1-3.)

Palmersheim continued in his position with KTI until his resignation on or about August 21, 2020, "which is also believed to be his last day physically at the premises of Plaintiff KTI's offices and warehouse in Santa Ana, California."  (*Id.* ¶ 29.)   KTI alleges that during Palmersheim's employment, he "had access to and possession of Plaintiff KTI's trade secrets and other confidential information, including without limitation, product designs and specifications, customer contact information lists, distributor contact information lists, specific customer pricing, and customer preferences for numerous KTI products, KTI supplier information, cost figures," and proprietary information relating to KTI's Hydraulic Circuit 115, which embodies Plaintiff KTI's '599 Patent and '765 Patent."  (*Id.* ¶ 32.)  Plaintiff also alleges that Defendant "had access to the over 3500 different KTI hydraulic product models."  (*Id.* ¶ 34.)   Plaintiff alleges that the aforementioned information is not publicly available.  (*Id.* ¶¶ 32-34.)

Plaintiff alleges that prior to Defendant's last day at KTI, he secured an offer of employment from Plaintiff's competitor, Mechanical Tool Engineering Co. ("MTE")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                                    Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

(headquartered in Illinois).  (*Id.* ¶ 35.)  Shortly thereafter, Plaintiff began working at MTE as a "Director of Business Development."  (*Id.* ¶ 36.)  Plaintiff contends that prior to leaving KTI's headquarters in Santa Ana, Defendant "had printed and gathered various documents and information constituting KTI's Confidential Information, including without limitation price lists and parts lists, the pricing and specification information for the over 3500 different KTI hydraulic product models and variations available, including the preferred and tailored product variants and specifications for each KTI customer, intending to utilize such proprietary information to his advantage as part of his new employment and job duties with . . . MTE."  (*Id.* ¶ 38.)  Plaintiff contends that Defendant has "solicited and continued to solicit Plaintiff KTI's customers in the dump trailer business sector and other sectors, including improperly using and misappropriating KTI's Confidential Information (such as specific customer product specifications and pricing) to offer lower pricing by . . . MTE on a variety of hydraulic units and components in an attempt to divert Plaintiff KTI's dump trailer customers and business to . . . MTE."  (*Id.* ¶ 39.)

Accordingly, on January 21, 2022, Plaintiff filed an action in this Court asserting various causes of action against Defendant, of which the following remain[2]:  (1) Misappropriation of Trade Secrets under the Defend Trade Secrets Act; (2) Intentional Interference with Prospective Economic Advantage; (3) Breach of Confidentiality Agreement; (4) Breach of Fiduciary Duty; and (5) Unfair Competition in violation of California Business and Professions Code § 17200 *et seq*.  (*Id.* ¶¶ 55-86, 113-119.)

Defendant now seeks to dismiss Plaintiff's Complaint against him on 12(b)(2) and 12(b)(6) grounds.  (*See*, *e.g.*, Reply, Doc. 32.)

---

[2] Plaintiff voluntarily dismissed two patent infringement causes of action against Defendant Palmersheim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                                    Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

## II.     LEGAL STANDARD

### A.     Rule 12(b)(2)

Rule 12(b)(2) allows a party to assert lack of personal jurisdiction as a defense by motion.  Fed. R. Civ. P. 12(b)(2).  "Although the defendant is the moving party on a motion to dismiss [for lack of personal jurisdiction], the plaintiff bears the burden of establishing that jurisdiction exists."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).  "[I]n the absence of an evidentiary hearing, the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'"  *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). Generally, the court may consider the pleadings as well as any declarations submitted by the parties when deciding a motion to dismiss for lack of personal jurisdiction.  *See Data Disc. Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  The "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor."  *Rio Props.*, 284 F.3d at 1019.  In other words, "for the purpose of this [prima facie] demonstration, the court resolves all disputed facts in favor of the plaintiff."  *Pebble Beach*, 453 F.3d at 1154.

"In evaluating the appropriateness of personal jurisdiction over a nonresident defendant, [courts] ordinarily examine whether such jurisdiction satisfies the 'requirements of the applicable state long-arm statute' and 'comport[s] with federal due process.'"  *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011) (alteration in original) (quoting *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994)).  "Because California permits the exercise of personal jurisdiction to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                              Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

full extent permitted by due process, [courts] need only determine whether jurisdiction over [a defendant] comports with due process." *Id.* (internal citation and quotation marks omitted); *see* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). "For due process to be satisfied, a defendant, if not present in the forum, must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach*, 453 F.3d at 1155 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemp't Comp. & Placement*, 326 U.S. 310, 316 (1945)).

"Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Id.* "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). On the other hand, "[a] court may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court." *Doe*, 248 F.3d at 923. The Ninth Circuit applies a three-part test to determine whether a district court can exercise specific personal jurisdiction over a nonresident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                          Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

conducting activities in the forum, thereby invoking the benefits and
protections of its laws (the "purposeful availment" requirement);

(2) the claim must be one which arises out of or relates to the defendant's
forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial
justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting
*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).  "The plaintiff bears the burden of
satisfying the first two prongs of the test."  *Id.*  "If the plaintiff succeeds in satisfying both
of the first two prongs, the burden then shifts to the defendant to 'present a compelling
case' that the exercise of jurisdiction would not be reasonable."  *Id.* (quoting *Burger King
Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).  Where a court is exercising specific
jurisdiction over a defendant, "the fair warning that due process requires arises not at the
time of the suit, but when the events that gave rise to the suit occurred."  *Steel v. United
States*, 813 F.2d 1545, 1549 (9th Cir. 1987).

###   B.      Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all
"well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679,
129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Furthermore, courts must draw all reasonable
inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l
Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to
accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                          Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.  Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III.    DISCUSSION

Defendant seeks to dismiss Plaintiff's Complaint because:  (1) the Court lacks personal jurisdiction over Defendant and (2) the Complaint fails to state a claim.  (*See*, *e.g.*, Reply at 2, 4, Doc. 32.)  Defendant's arguments are addressed in turn.

### A.    Whether the Court Lacks Personal Jurisdiction over Defendant

Defendant argues that the Complaint fails to show that this Court has specific jurisdiction over him.  (*See* Reply at 2, Doc. 32.)  As noted above, "[t]o establish specific jurisdiction over a nonresident defendant:  (1) the defendant must purposefully direct his activities toward the forum or purposefully avail himself of the forum; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                              Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

jurisdiction must be reasonable." *Johnson v. UBS AG*, 860 F. App'x 531, 532 (9th Cir. 2021).  In response to Plaintiff's arguments in its Opposition, Defendant focuses only on the first prong arguing that KTI has not shown that Plaintiff purposefully directed his activities toward the forum.  (Reply at 3, Doc. 32.)

"The first prong may be satisfied with facts sufficient to demonstrate either purposeful direction or purposeful availment." *Johnson*, 860 F. App'x at 532.  In general, "tort claims follow the purposeful direction analysis and contract claims follow the purposeful availment analysis." *Id.*  However, cases in the Ninth Circuit "do not impose a rigid dividing line between these two types of claims" and "[w]hen both contract and tort claims are at issue, both tests are relevant." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020).  "At bottom, both purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Glob. Commodities Trading Grp., Inc.*, 972 at 1107 (internal quotation marks omitted).

Here, the Court finds that Plaintiff has sufficiently demonstrated that Defendant purposefully availed himself of or directed his conduct toward California. *Johnson*, 860 F. App'x at 532.  Plaintiff alleges that Defendant worked at KTI's headquarters in Santa Ana, California.  (Compl. ¶ 38, Doc. 1.)  And prior to leaving KTI's headquarters in California, Defendant "printed and gathered various documents and information constituting KTI's Confidential Information, including without limitation price lists and parts lists, the pricing and specification information for the over 3500 different KTI hydraulic product models and variations available, including the preferred and tailored product variants and specifications for each KTI customer, intending to utilize such proprietary information to his advantage as part of his new employment and job duties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                                      Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

with . . . MTE." (*Id.*)  Plaintiff further alleges that Defendant then improperly used and
misappropriated KTI's alleged proprietary information to, among other things, solicit its
customers in the dump trailer business sector and other sectors. (*Id.* ¶¶ 39-40.)  Based on
Plaintiff's allegations here, the Court finds that Defendant's contacts with California "can
in no sense be viewed as random, fortuitous, or attenuated."  *Glob. Commodities Trading
Grp., Inc.*, 972 F.3d at 1107 (internal quotation marks omitted).

Accordingly, the Court rejects Defendant's request to dismiss this case on personal
jurisdiction grounds.

**B.      Whether Plaintiff Has Failed to State a Claim**

**1.       Misappropriation of Trade Secrets under the Defend
Trade Secrets Act Claim**

Defendant argues that Plaintiff's DTSA claim fails "because the Complaint does
not specify the subject matter of the 'trade secrets' at issue with sufficient particularity.'"
(Reply at 4, Doc. 32.)  The DTSA creates a private right of action for "[a]n owner of a
trade secret that is misappropriated . . . ."  18 U.S.C. § 1836(b)(1).  The Act applies "to
any misappropriation of a trade secret . . . for which any act occurs on or after" May 11,
2016.  Defend Trade Secrets Act of 2016, Pub. L. 114-153, May 11, 2016, 130 Stat. 376.
"Misappropriation" is defined to encompass the unauthorized disclosure, use, or
acquisition of a trade secret.  *See* 18 U.S.C. § 1839(5).  The DTSA defines trade secret as
"all forms and types of financial, business, scientific, technical, economic, or engineering
information" if "(A) the owner thereof has taken reasonable measures to keep such
information secret" and "(B) the information derives independent economic value, actual
or potential, from not being generally known to, and not readily ascertainable through
proper means by, another person who can obtain economic value from the disclosure or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                                    Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

use of the information."  18 U.S.C. § 1839(3).  Defendant argues that the DTSA claims is insufficiently pled because Plaintiff "simply lists *categories*, not actual trade secrets" and that "[t]hese categories are too vague to state a claim."  (Mem. at 5, Doc. 32.)  The Court disagrees.

The Court finds that Plaintiff's Complaint trade secret allegations are sufficient at this stage in the litigation.   Under the DTSA, "[t]he plaintiff should describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade."  *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020).  "However, one who seeks to protect his trade secrets from wrongful use or disclosure does not have to spell out the details of the trade secret to avoid [dismissal]," as such a requirement "would mean that the complainant would have to destroy the very thing for which he sought protection by making public the secret itself."  *Biosuccess Biotech Co. v. Pharms.*, 2014 WL 12629696, at *6 (C.D. Cal. May 16, 2014) (internal quotation marks omitted).

Here, Plaintiff alleges that the trade secret information at issue includes KTI's "product designs and specifications, customer/distributor contact information lists, specific customer pricing and customer preferences for numerous KTI products, KTI supplier information, cost figures," and "proprietary information relating to KTI's product, including but not limited to KTI's Hydraulic Circuit 115, which embodies Plaintiff KTI's '599 Patent and '765 Patent.'"  (Compl. ¶ 57.)  Plaintiff's reference to its customer lists, pricing data, and proprietary information relating to KTI's Hydraulic Circuit 115 render the definition sufficiently specific to allow Plaintiff to ascertain the bounds of Plaintiff's trade secrets.  *See Skye Orthobiologics, LLC v. CTM Biomedical*, LLC, 2021 WL 6102520, at *9 (C.D. Cal. Feb. 9, 2021) (noting that "internal customer lists, customer information, and pricing data" can constitute a trade secret under DTSA).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                              Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

While Plaintiff's definition also includes broad categories, such as "financial and cost
information" and "market information," these broad allegations do not undermine the
sufficiency of the specific allegations, and the Court denies the motion to dismiss the
DTSA claim (Count I).

> **2.**      **Intentional Interference with Prospective Economic
>             Advantage Claim (Count II)**

To state an intentional interference with prospective economic advantage claim, a
plaintiff must plead the following:  "'(1) an economic relationship between the plaintiff
and some third party, with the probability of future economic benefit to the plaintiff; (2)
the defendant's knowledge of the relationship; (3) intentional and wrongful acts on the
part of the defendant designed to disrupt the relationship; (4) actual disruption of the
relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the
defendant.'"  *Roseville Fullerton Burton Holdings, LLC v. SoCal Wheels, Inc.*, 2016 WL
6159014, at *10 (C.D. Cal. May 20, 2016) (Staton, J.).  Defendant argues that the
intentional interference with prospective economic advantage claim fails because
"Plaintiff has not plead any independently wrongful act."  (Mem. at 6, Doc. 32.)  The
Court disagrees.

Under California law, an independently wrongful act is "an act proscribed by
some constitutional, statutory, regulatory, common law, or other determinable legal
standard." *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1153 (2004).  Here, Plaintiff alleges,
among other things, that Defendant violated the DTSA by misappropriating its trade
secrets, and then using that information to solicit its customers.  Consequently, the Court
declines to dismiss Plaintiff's intentional interference with prospective economic
advantage claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                                  Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

### 3.        Breach of Confidentiality Agreement (Count III)

Defendant next argues that Plaintiff's breach of contract claim fails as it is based on an agreement that restricts Defendant's ability to practice his trade in violation of California law.  (*See*, *e.g.*, Mem. at 17-18, Doc. 21-1.)  As the basis for its breach of contract claim against Defendant, Plaintiff alleges that the "Confidentiality Agreement required Defendant Palmersheim to, among other things, refrain from divulging KTI Confidential Information at any time during or after his employment period, including information of a technical or business nature." (Compl. ¶ 75, Doc. 1; *see also* Ex. 3 (Confidentiality Agreement), Doc. 1-3.)  Plaintiff further contends "that Defendant Palmersheim breached the Confidentiality Agreement by misappropriating Plaintiff KTI's trade secrets and other proprietary information constituting KTI Confidential Information." (*Id.* ¶ 76.)  Defendant argues that such claims fails because the agreement, as a whole, is an improper restraint of trade in violation of Section 16600 of California Business and Professions Code.

"Pursuant to Section 16600, 'every contract by which anyone is restrained from engaging in a lawful profession, trade, or business *of any kind* is to that extent void' unless 'a contractual restraint falls into one of section 16600's three statutory exceptions (§§ 16601 [sale of goodwill or interest in a business], 16602 [dissolution of a partnership], or 16602.5 [dissolution or sale of limited liability company]).'" *Aramark Mgmt., LLC v. Borgquist*, 2021 WL 9145423, at *2 (C.D. Cal. Dec. 28, 2021) (quoting *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 935 (2018)). However, this Court noted that "California courts have also recognized the possibility that an employer may prohibit usage of trade secrets post-employment without necessarily running afoul of Section 16600." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                                    Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

The clear import of the caselaw interpreting Section 16600 is that the breach of contract claim cannot be based on post-employment competitive activity or even on Defendant's use of confidential (but not trade secret) information post-employment.  As California courts have noted, "section 16600 precludes an employer from restraining an employee from engaging in his or her 'profession, trade, or business,' even if such an employee uses information that is confidential but not a trade secret.'"  *See*, *e.g.*, *AMN Healthcare, Inc.*, 28 Cal. App. 5th at 941; *see also The Ret. Grp. v. Galante*, 176 Cal. App. 4th 1226, 1233 (2009) (concluding restriction transgressed Section 16600 because the Court was "unable to perceive how [the restriction] can have any *additional* operative effect except to bar solicitations *not* involving the use of trade secret information"); *Aramark Mgmt., LLC*, 2021 WL 9145423, at *2.

However, Section 16600 does not invalidate all provisions of the Confidentiality Agreement.  Rather, Section 16600 provides that a "contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is *to that extent* void."  The Complaint here alleges that Palmersheim breached the Confidentiality Agreement by, among other things "misappropriating Plaintiff KTI's trade secrets and other proprietary information constituting KTI Confidential Information."  (Compl. ¶ 77, Doc. 1.)  Thus, to the extent Plaintiff bases the breach of contract claim on misappropriation of trade secrets or confidential information during Defendant's employment at KTI, or on Defendant's misappropriation of trade secrets post-employment, the claim is sufficiently stated, and Defendant's motion to dismiss the breach of contract claim is denied.

### 4.        Breach of Fiduciary Duty (Count IV)

To state a claim for breach of fiduciary duty, a plaintiff must plead (1) the existence of a fiduciary duty, (2) breach of the fiduciary duty, and (3) damage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                              Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

proximately caused by the breach.  *Benasra v. Mitchell Silberberg & Knupp LLP*, 123
Cal. App. 4th 1179, 1183 (2004).  In support of its breach of fiduciary duty claim,
Plaintiff argues "that as a result of Defendant Palmersheim's employment as KTI's
Director of Sales, Marketing Engineering [sic], Defendant Palmersheim was an agent of
Plaintiff KTI and owed Plaintiff KTI a fiduciary duty and thus was duty bound to act with
the utmost good faith and in the best interests of Plaintiff KTI."  (Compl. ¶ 80, Doc. 1.)
Plaintiff argues that it entrusted Defendant with its trade secrets, and that in breach of his
duties, Defendant "misappropriated Plaintiff KTI's trade secrets and otherwise
confidential and proprietary information."  (*Id.* ¶¶ 82-83.)  Defendant argues that
Plaintiff's allegations here are insufficient because "[n]o fiduciary duty exists between an
employee and employer."  (Reply at 7, Doc. 32.)

        The Court agrees that the duty is better described in this particular context as the
duty of loyalty and not as a "fiduciary duty."  Nonetheless, as it is clear from the
language of the claim that the duty, as described, is the duty of loyalty, the Court will not
dismiss on those grounds.  And, as this Court has previously noted, "an employee-
employer relationship can give rise to a duty of loyalty because '[d]uring the term of
employment, an employer is entitled to its employees undivided loyalty.'"  *Aramark
Mgmt., LLC*, 2021 WL 9145423, at *3 (quoting *Techno Lite, Inc. v. Emcod, LLC*, 44 Cal.
App. 5th 462, 471 (2020)).  Plaintiff alleges, among other things, that Defendant, while
he was employed at KTI, misappropriated KTI's proprietary information, by printing
such information and using it to solicit KTI's customers.  (*See*, *e.g.*, Compl. ¶ 38, Doc. 1.)
Accordingly, the Court declines to dismiss Plaintiff's breach of fiduciary duty claim, but
rather construes it as a claim for breach of the duty of loyalty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00110-JLS-JDE                                   Date: August 11, 2022
Title:  K.T.I. Hydraulics, Inc. v. Gerard M. Palmersheim et al

**5.        Unfair Competition Claim (Count VII)**

Defendant next argues that Plaintiff's Unfair Competition claim fails because "each and every potential count of liability against Defendants fails to state a claim." (*See*, *e.g.*, Mem. at 19, Doc. 21-1.)  However, as the Court has found that Plaintiff's claims survives, the Court rejects Defendant's request that the Unfair Competition claim be dismissed.

**IV.    CONCLUSION**

For the above reasons, Defendant's Motion is DENIED.

Initials of Deputy Clerk: vrv